BOUCHER et al., respondents, *v.* MULVERHILL, appellant.

MINING PROSPECTING PARTNERSHIP — *how formed — rights of partners.* An agreement made between parties, by which some of them prospect for gold, and the others furnish money and provisions, for which they are to receive interests in the mining grounds that may be discovered, constitutes a prospecting partnership, and those who furnish the money and provisions are entitled to pre-empt and hold mining claims under the laws of a district, which provide that claims shall be allowed the discoverers for their prospecting partners.

MINING PROSPECTING PARTNERSHIP — *rules.* A mining prospecting partnership is not governed by the technical rules of the law of commercial partnership.

MINING PROSPECTING PARTNERSHIP — *mining law regulating, valid.* The mining law of a district, which allows those who furnish money and provisions to the discoverers of placer gold mines, to hold claims without personally preempting them, is not against public policy and should be upheld.

PRACTICE — *instructions that mislead not given.* The court will not give an instruction, that is correct, if it will mislead the jury. ·

*Appeal from Second District, Missoula County.*

THE facts are stated in the opinion. The eighteenth section of the mining laws of the Barrette district, referred to in the opinion and briefs, is as follows : "That no claim shall be recognized as legally held, unless the prior claimant has personally pre-empted the same, with the exception of three claims allowed the discoverers for their prospecting partners."

The case was tried in June, 1870, before KNOWLES, J.

CLAGETT & DIXON, for appellant.

The respondents claimed under the exception, in section 18 of the laws of Barrette district, as prospecting partners of the discoverers. There was no evidence that respondents were the persons to whom this exception applied. The claims were recorded the day after the laws were passed.

Respondents were not prospecting or other partners of the discoverers. If they had been such partners, the record of location should have shown it, and the location should have been in their names, so that third parties would know to what parties section 18 applied.

Respondents never had actual possession of the ground in dispute; they claimed by constructive possession only, and did not bring themselves within the laws. They were not in the district when their claims were located. Appellant proved location and actual possession of the ground, and work and money expended on it.

The court erred in leaving it to the jury to find whether the claim in dispute was located according to the laws of the district, and refusing to instruct them as to what the mining laws required to make a location good. The court erred in refusing to instruct the jury as to the legal effect and meaning of the mining laws, and what it was necessary for the respondents to show to bring themselves within the laws. The construction of mining laws is for the court and not the jury. *Fairbanks* v. *Woodhouse*, 6 Cal. 433.

A mining law, allowing every discoverer to locate ground for every one who might have furnished him means or assistance to prospect, would be contrary to general law and public policy, and void.

MAYHEW & McMURTRY, for respondents.

Miners have the right to pass laws for locating, holding and working mines, if they are reasonable and do not conflict with the laws of the Territory or United States. *English* v. *Johnson*, 17 Cal. 107. The eighteenth section is reasonable and not against public policy. Those who render material aid to prospectors for mines should be encouraged by receiving claims, if they are discovered.

Mining rules should be liberally construed. The location need not show that the claims were taken up by the discoverers for respondents. The intention of the miners must be considered. Appellant's rights were not injured by the location of the ground in dispute, in the names of respondents.

The agreement of the respondents and discoverers constituted a mining adventure, in which there can be a partnership. *Sauntry* v. *Dunlap*, 12 Wis. 364.

The description of respondents, as prospecting partners in the mining laws, is immaterial. If the respondents are the parties that the miners intended to benefit by section 18, the judgment is correct. The question as to whether respondents were partners, according to the strict legal definition of the word "partnership," cannot avail the appellant. Evidence is admissible to identify particular persons. 2 Phil. Ev. 711.

Section 18, of the laws of the Barrette district, was rightfully made by the miners. *Morton* v. *Solambo C. M. Co.*, 26 Cal. 527; *St. John* v. *Kidd*, 26 id. 272; *Core* v. *McBryre*, 18 id. 582.

If the court had given all the instructions asked for by appellant, the verdict would have been the same.

SYMES, J.   This was an action for the possession of a mining claim. Plaintiffs alleged that they were the owners and entitled to the possession of claim No. 5, in Barrette district, Missoula county, Montana; that in December, 1869, defendant entered upon said claim and wrongfully withheld it from plaintiffs; that the claim contained gold, and ask for possession of said claim, damages, and a restraining order until the termination of the suit.

Defendant answered and denied that plaintiffs were the owners or entitled to possession of said mining claim; admitted that he and one Halloran withheld said claim from plaintiffs; alleged ownership and possession of said claim since the 10th of December, 1869, and that it was unappropriated before that time; denied that he was working the claim, insolvency, and ask judgment for costs.

The case was tried at the June term of the Missoula county district court, and verdict found and judgment rendered for plaintiffs. Motion for new trial overruled, and appeal taken from order overruling motion, and the judgment.

Appellant asks for reversal of the case for the reasons that the verdict was against the law and the evidence, and for errors of the court below in giving and refusing instructions.

It appears by the evidence preserved in the statement, that one Barrette and Lowthier were the discoverers of Barrette district in Cedar Creek, Missoula county, Montana; that for some time before the discovery the plaintiffs had furnished said Barrette and Lowthier with money and provisions to prospect with, and had been working to get money to keep them prospecting; that previously to the discovery plaintiffs had an agreement and understanding with said Barrette and Lowthier, by which they were to locate claims for them when they made a discovery; that $200 or $300 was so furnished and was being used by said discoverers when they discovered Cedar Creek gold mine. Section 18 of the mining laws of Barrette district provides that no claim can be legally held unless the prior claimant has personally pre-empted the same, except three claims to be allowed the discoverers for their prospecting partners.

Barrette and Lowthier, as the discoverers, located said claim 5 for the plaintiffs with two others, and they claim the possessory right and title to the same under said section 18 of the mining laws of said district.

Defendant came into Cedar Creek shortly after the discovery, and finding said claim unoccupied located the same and attempted to have it recorded, but the recorder refused to record it, and referred defendant to said section 18 of the laws to show him that plaintiffs had a right to hold it under the record as it then was.

· It is contended by appellant that plaintiffs cannot hold said claim under said mining law, because the evidence does not prove or show that plaintiffs were prospecting partners of the discoverers; that the agreement and understanding

between them did not, in law, form a prospecting partnership.

We do not think this agreement or understanding between the plaintiffs and the discoverers of Cedar Creek gold mine should be subjected to or tested by the technical rules of the law of partnership. It is the spirit and policy of our mining common law, sometimes called, to enforce the rules and regulations of miners, and interpret their agreements made under such rules, according to the real intention of the miners, when they do not conflict with positive law or public policy. What kind of an agreement or understanding did the miners of Cedar Creek intend, and to whom did they refer in said section 18 of their mining laws? Manifestly, from the evidence, to the plaintiffs in this case. There is no dispute but that said Barrette and Lowthier were the discoverers, that plaintiffs furnished them money and provisions for some time before the discovery, to continue to prospect for gold; and that they were living on these provisions when they made the discovery. Shall the court, because said section 18 of the laws states that the discoverers may locate three claims for their prospecting partners, and because the evidence does not show such facts as would, under the rules of commercial law, constitute a partnership, say that the plaintiffs cannot hold their claims under said mining rule or law, so evidently passed for their express benefit? We think not. Laying aside the general law of partnership, and inquiring what miners ordinarily mean by the term, "prospecting partnership," we are of opinion that the agreement or understanding, between the said discoverers of Cedar Creek gold mine and the plaintiffs below, was understood by the miners of Cedar Creek when they adopted said section 18 of their laws, to constitute a prospecting partnership; and for that reason they designated the plaintiffs as the discoverers' prospecting partners for whom they might locate and hold three claims.

We do not think said mining rule or law is against public policy, as contended by appellant. On the contrary, the agreement by which plaintiffs furnished to said discoverers

money and provisions, without which they could not have continued to prospect for the hidden precious metals, but which enabled them to discover a rich and extensive placer gold mine, thereby adding greatly to the development and wealth of our Territory, should be encouraged ; as the miners in this case seem to have appreciated when they provided that the discoverers might locate, and the parties to the agreement might hold three claims, without personally pre-empting them.

The error assigned by the court's refusing to give the instruction, that if the jury did not find from the evidence that plaintiffs and said discoverers were prospecting part-ners, they would find for the defendant, is not sufficient to reverse the judgment. While the court might correctly have given this instruction, it might have, if given, misled the jury, by causing them to test the said agreement in this case by the law of commercial partnership.

Judgment and order of the court below affirmed.

*Judgment affirmed.*