(February 28, 1887.)

.SCHULTZ ET AL. v. KEELER ET AL.

[13 Pac. 481.]

EXCEPTIONS, BILL OF, WILL BE TREATED AS STATEMENT.—A bill of exceptions settled and signed by the trial judge will be treated as such, although it is denominated a statement.

FINAL DECISION—MOTION FOR NEW TRIAL—ORDER DENYING APPEALABLE.—The organic act of the territory does not prohibit the legislative assembly from authorizing an appeal from an order of the district court, overruling a motion for a new trial.

INSTRUCTIONS—LOCATING CLAIM BY AGENT.—The instructions given to the jury to the effect that one cannot initiate the location of a mining claim through an agent, etc., examined and held erroneous.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. B. Heyburn, for Appellants.

The court erred in instructing the jury in effect that a mining claim could not be located by an agent. (2 Estee's Pleadings, sec. 2252; *Gore v. McBrayer,* 18 Cal.. 582; *Murley v. Ennis,* 2 Colo. 300; *Rush v. French,* 1 Ariz. 99, 25 Pac. 816; *Morton v. Solambo,* 26 Cal. 527.) It is not against public policy to allow a partner or agent to locate a mining claim for and in the name of another in his absence. (*Boucher v. Mulverhill,* 1 Mont. 310.) Although the verdict may be in accord with the weight of evidence, if the essential points in dispute were by the charge withdrawn from the consideration, of the jury, a new trial will be granted. (Hilliard on New Trials, p. 46.) A court will presume injury from an error in the court below, unless the record itself refutes the presumption and shows affirmatively that no injury could have resulted. (*People v. Furtado,* 57 Cal. 345; *McDougal v. Central R. R. Co.,* 63 Cal. 431; Hilliard on New Trials, p. 45; *Fullam v. Cummings,* 16 Vt. 697.) Motion for new trial suspends life of judgment until suit is disposed of. (Hilliard on New Trials, c. 5, p. 59; *Edwards v. Edwards,* 22 Ill. 121; *Wright v. Haddock,* 7 Dana, 253.) There is no difference between a statement and a bill of exceptions in form or substance, except that

the former follows a notice of motion for new trial. (*People v. Crane,* 60 Cal. 279.)

William H. Clagett and Albert Allen, for Respondents.

The marking of the boundaries by plaintiffs was one of the issues in the case. The jury, by its general verdict, found they were not marked. In the statement the judge certifies that the evidence proved they were. The verdict was not set aside, and the record, therefore, on its face contains a false recital of fact. (*Hidden v. Jordan,* 28 Cal. 303; 1 Abbott's Digest, p. 527, sec. 13.) Until set aside, the verdict was conclusive upon the court below, and this court should not consider a question where the alleged error is only apparent, by the incorporation in the statement of a recital of fact, which the jury in their verdict find otherwise. (*Jones v. Buckell,* 104 U. S. 556; *Reed v. Gardner,* 17 Wall. 411.) There is no appeal from an order granting or refusing a new trial. (*Henderson v. Moore,* 5 Cranch, 11; *Pomeroy v. Bank Ind.,* 1 Wall. 597, 598; Desty's Federal Procedure, 691, 692.) In *Morton v. Salambo,* 26 Cal. 527, the facts were similar to those in *Gore v. McBrayer,* 18 Cal. 582, and the court, repudiating the idea that the law or agency cut any figure in the case, rested its decision upon the mining custom of the district expressly authorizing one to locate for himself and others (pp. 531-534). The law of 1872 nowhere authorized a mining claim to be located by an agent. This act is a pre-emption law. (*Belk v. Meagher,* 104 U. S. 284.)

BRODERICK, J.—This action is in the nature of ejectment, brought to recover the possession of certain placer mining ground situated in Shoshone county. The case was tried before the court with a jury. Verdict and judgment in favor of defendants. The plaintiffs moved for a new trial, which motion was overruled, and from this order and decision the plaintiffs appealed. The motion was made upon a bill of exceptions which contains the substance of a portion of the evidence, and also certain instructions given to the jury, and an exception taken by the plaintiffs to the giving of these instructions. The error assigned is the giving of the instructions

set out in the bill of exceptions, and the refusal to grant to plaintiffs a new trial.

At the hearing in this court a preliminary motion to dismiss the appeal was argued, on the ground, among others, that there was no sufficient statement or bill of exceptions in the transcript. The bill of exceptions is somewhat informal, but it contains the charge excepted to, and shows that the objection was made before the jury retired for deliberation, and indicates with sufficient certainty upon what the appellants rely for a reversal of the judgment. It is authenticated by the trial judge, and it makes no difference, under our practice, whether it is called a statement or bill of exceptions. It brings the exceptions here, and we must take this portion of the transcript for what it is, and not for what it may have been called. (*People v. Crane,* 60 Cal. 279; *Bradbury v. Improvement Co.,* ante, p. 239, 10 Pac. 620.) The motion to dismiss is therefore overruled.

Counsel for respondents interpose another preliminary objection to passing upon the merits of this appeal; and it is insisted that this court has no jurisdiction of the case, because section 1869 of the Revised Statutes of the United States allows appeals from the final decisions of the district courts to the supreme court of all the territories respectively, under such regulations as may be prescribed by law. It is therefore contended that an order denying a motion for a new trial is not a final decision, and not appealable. In support of this contention against jurisdiction counsel refers to *McCormick v. Walla Walla Co.,* 1 Wash. Ter. 512. An examination of that case will show that it is not directly in point in the case at bar. In that case a new trial had been granted in the trial court, and on appeal from the order the supreme court said, in substance, that there was no final decision to appeal from. But if that decision does go to the extent that counsel here claim for it, we would still be unwilling to follow it.

Ever since the organization of this territory, litigants have been appealing from orders denying motions for new trials. Our reports show a great number of these cases to have been heard and determined in this court, and now for the first time the right of appeal is questioned. It will be observed that the

organic act allows appeals from final decisions. Now, if an application for a new trial is overruled, is not the order a final decision? Certainly, so far as the trial court is concerned, it puts an end to the suit. In our opinion it is final, within the meaning of the law, and from such an order or decision an appeal will lie. (*Wyatt v. Wyatt,* ante, p. 236, 10 Pac. 228.)

This brings us to the consideration of the instructions given to the jury, and objected to by the plaintiffs at the time. They are as follows: "The jury are instructed that if they find from the evidence that the alleged location of the plaintiffs of June 11, 1883, was made in one body, including eighty acres of land, and that said location was made in the joint names of Jesse A. Prichard, C. A. Schultz, M. H. Lane, and W. O. Endicott, in the absence of said Schultz and Lane, by A. J. Prichard as their agent, and that before C. A. Schultz and M. H. Lane personally entered the premises, defendants in person ·made location thereon as required by law, you will find for defendants." "There is evidence tending to show that three of the locators, under the alleged location of June 11, 1883, were absent at the time of the alleged location by plaintiffs, and remained absent until after the location by the several defendants of the mining ground claimed by them respectively, and that the locations in the names of J. A. Prichard, C. A. Schultz, and Mary H. Lane were made by A. J. Prichard, as their agent, in their absence. I instruct you as a matter of law that if the defendants were personally present on the disputed premises, with the purpose of locating the same, and that the plaintiffs Schultz and Lane had never been personally upon the claim, but had duly been represented in making their location by A. J. Prichard, their agent, that the defendants had the better right, and the absent plaintiffs acquired no rights through their agent, as against defendants in possession." "The laws of the United States provide that all valuable mineral deposits in lands belonging to the United States are open and free to exploration and purchase, and the lands on which they are found to occupation and purchase, under regulations prescribed by law. The entry upon mineral lands for such purpose, and complying with the laws in reference thereto, is a location. A valid location of a mining claim practically severs the land

described therein from the public lands, and withdraws it from the public domain. It is important, therefore, that a person who claims for himself the privilege of holding public land, and appropriating it to his own use at the expense of the public domain, should do so under some specified provision of law. I instruct you that there is no provision of law which authorizes a person to take the necessary steps to initiate the location of a mining claim by an agent in the absence of the principal, and that any such location, or attempted location, made under power of attorney from one who is absent, is unauthorized by law, and void, as against one who personally takes possession of the premises prior to the personal presence of the principal upon the claim."

We think the propositions of law announced in these instructions to the jury too broadly stated. We find nothing in the statutes of the United States that prohibits one from initiating a location of a mining claim by an agent. Counsel for respondents contend that as the acts of Congress do not specifically authorize the location by an agent that they must be construed as forbidding it. We might accept this view, if Congress had legislated upon the entire subject, and had abrogated all other laws and regulations with reference thereto. This has never been done with regard to the public mineral lands, but, on the contrary, Congress, by express enactment, has sanctioned and continued in force all local laws and customs not inconsistent with the laws of the United States. (U. S. Rev. Stats. sec. 2319.) Long prior to the mineral land act of 1872 it had been held by the courts of California that a valid location of a mining claim could be initiated through an agent. (*Gore v. McBrayer,* 18 Cal. 582; *Morton v. Mining Co.,* 26 Cal. 527.) So at that time it was well understood on this coast that the law authorized a location by an agent; or, in other words, that a valid location could be made without the locator participating in person. (2 Estee's Pleadings and Practice, 2252.)

The law as interpreted by the courts had been acted upon in all this mining region until it had, in a certain sense, become a rule of property. Congress had full knowledge of the local laws, and, had they intended to change or disaffirm this rule,

it certainly would have been done by express provision. As there is no such provision, it is a fair presumption arising from section 2319, *supra*, that it was the intention to affirm and continue in force this as well as all local laws and customs, as construed by the courts, not in conflict with the laws of the United States. As bearing upon the question, see *Rush v. French*, 1 Ariz. 99, 116, 25 Pac. 816; *Boucher v. Mulverhill*, 1 Mont. 310; *Murley v. Ennis*, 2 Colo. 300.

To sustain these instructions and this judgment would be holding, in substance, that no one can initiate a location to a mining claim, under any circumstances, unless he be personally present, and participate therein. We do not think the law should be so construed and administered, and, out of the numerous mining cases decided in this country, not one has been cited that so holds. If the parties herein attempted to locate through an agent, and the laws were not complied with as to the manner of locating, or as to performing labor, making improvements, etc., that would be another and different question.

In the first paragraph of the instructions is an intimation that there was evidence tending to show that the plaintiffs and their predecessors in interest located jointly, in one body, eighty acres of ground; that there was but one location, and that it was a part of this joint location in dispute. The evidence not being here, we cannot know the facts, and the record is so imperfect that we would not be warranted in expressing any opinion on the merits, or as to this joint location of the claim; but think, on the whole case, that a new trial should be awarded.

The instructions that a location could not be initiated through an agent, etc., are so clearly erroneous that the error could not have been cured by any others that may have been given. (*Lufkins v. Collins*, ante, p. 150, 7 Pac. 96.)

The judgment is reversed, and cause remanded to the court below for a new trial in conformity with this opinion.

HAYS, C. J., concurring.

BUCK, J., dissents from the third and last point in the syllabus.