(February 13, 1888.)

## UNITED STATES v. ALEXANDER ET AL.
### [17 Pac. 746.]

PLEADING—VERIFICATION—PRACTICE.—Under our practice, generally, where the complaint is not verified, a general denial by defendant puts in issue the substantive allegations of the complaint, but where the action is brought upon a written instrument, and a copy of such instrument is set out or annexed to the complaint, the genuineness and due execution of the instrument are deemed admitted unless the answer specifically denies the same and is verified.

EXCEPTIONS—STATEMENT.—A bill of exceptions settled and signed by the trial judge will be treated as such, although it is called a statement on motion for a new trial.

PRACTICE—DEMURRER.—Where the record shows that a general demurrer was filed, but is silent as to any disposition of the same, the presumption will be indulged on appeal that the demurrer was overruled or abandoned.

PRACTICE—OFFER OF EVIDENCE.—An offer or oral proof being made and rejected and exceptions duly taken, the appellate court must be satisfied from the record that the offered evidence was material or tended to support some issue involved before it will be treated as error.

CHALLENGE—JURORS—DISCRETION.—Great latitude of discretion is allowed to the court in the trial of challenges for cause, and where on an examination for cause a juror states in substance that he

has an opinion in favor of the defendants, but in spite of that opinion he could act upon the evidence and law of the case, and the juror was rejected, this court will not interfere with the discretion of the trial court, even though the members of this court should believe from the record that the juror so excluded was competent.

NUMBER OF PEREMPTORY CHALLENGES.—The legislature did not intend, where in an action there are several parties on either side, that each individual should have four peremptory challenges, but that they should join and have one set on either side.

CHALLENGES FOR CAUSE—EXAMINATION.—Where the record shows that a party was precluded from examining a juror for cause, and no examination of the juror was had, *held*, that a substantial right of the party was denied for which a new trial will be granted.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Winston & Reid and Moody & Curtis, for Appellants.

If an allegation can be made the subject of a material issue, it should not be stricken out. (*Green v. Palmer,* 15 Cal. 412, 76 Am. Dec. 492.) The plaintiff demurred in general terms. Either all or no part of the answer should have been stricken out on his demurrer. (*Ferrier v. Ferrier,* 64 Cal. 23, 27 Pac. 960.) If a complaint contains several counts, and the defendant demur to the whole complaint, the demurrer should be overruled, if there is one good count in the complaint, although the other counts may be bad. (*Stoddard v. Treadwell,* 26 Cal. 294; *Griffiths v. Henderson,* 49 Cal. 567; *Pfister v. Wade,* 69 Cal. 133, 10 Pac. 369; *White v. Lyons,* 42 Cal. 279; *McPherson v. Weston,* 64 Cal. 281, 30 Pac. 842.) A general demurrer to an answer cannot be sustained when there is one count that presents an issue for trial. (*Board v. Long,* 8 Colo. 438, 8 Pac. 923; *Caldwell v. Ruddy,* ante, p. 1, 1 Pac. 339.) The sufficiency of the justification of the postmaster was a matter for the jury to try. (*Granniss v. Irwin,* 39 Ga. 22.) Parol evidence is admissible, not only to explain, but to apply, the writing. (*Randolph v. Helps,* 9 Colo. 29, 10 Pac. 245; *Suffern v. Butler,* 21 N. J. Eq. 410.) If the ambiguity is raised by extrinsic evidence, it may be removed in the same manner. (*Reynolds v. Jourdon,* 6 Cal. 109; *Reamer v. Nesmith,* 34 Cal. 624; *Callahan v. Stanley,* 57 Cal. 476.) The plaintiff, having made the paper writing purporting to be a copy of the bond sued on

a part of the complaint, and the court having allowed the same in evidence, against the objection of defendants, all the words and figures written therein or indorsed thereon are proper subjects of argument and comment by counsel. (*Hobart v. Tyrrell,* 68 Cal. 12, 8 Pac. 525; *Murdock v. Brooks,* 38 Cal. 596; *People v. Hagar,* 52 Cal. 172.) Each of the five defendants was entitled to four peremptory challenges. (Gen. Laws, 11th Sess., sec. 367; Civ. Code, sec. 4379.) The defendants having introduced no testimony, the court erred in refusing to allow their counsel to conclude the argument to the jury. (Gen. Laws, 11th Sess., sec. 371; 18 Cent. L. J. 363.)

James H. Hawley, United States Attorney.

A statement on appeal must specify the particular points upon which the appellant will reply upon appeal, and so much of the evidence as is necessary to explain said points. (Rev. Laws, sec. 4441, subds. 3, 4; *Barrett v. Tewksbury,* 15 Cal. 354; *Burnett v. Pacheco,* 27 Cal. 408; *Mining Co. v. Irvine,* 32 Cal. 303; *Ferrer v. Insurance Co.,* 47 Cal. 416; *Spencer v. Long,* 39 Cal. 700; *Brumagim v. Bradshaw,* 39 Cal. 33.) It is not sufficient to state matters rendering it possible that evidence may have been received that was improper, but the evidence itself must be stated in the statement. (*Bush v. Taylor,* 45 Cal. 112; *Doyle v. Franklen,* 48 Cal. 540; Idaho Rev. Laws, sec. 4820; *Brown v. Gray,* 6 Jones (N. C.), 103, 72 Am. Dec. 563; Hilliard on New Trials, c. 13, secs. 17, 25.) A juror is not disqualified by having expressed an opinion on a question involved in the litigation. (Hilliard on New Trials, 147; *Royston v. Royston,* 21 Ga. 161.) Because a juror answers he can act impartially on the testimony, the court is not bound to accept him. (Hilliard on New Trials, 149.)

BRODERICK, J.—This action was commenced against the sureties on the official bond of Isaac N. Hibbs, late postmaster at Lewiston, to recover the sum of $10,000, alleged to have been received from the United States by said Hibbs, as postmaster, and which he failed and refused to account for. The complaint is in the usual form, is not verified, but a copy of the bond is annexed thereto, and made a part of the complaint. The cause was tried at the December, 1886, term of said court, and resulted in a judgment against the defendants for the sum de-

manded.  The defendants moved for a new trial.  The motion was overruled, and from the judgment, and the order overruling the motion for a new trial, the defendants appealed.

The record consists of the judgment-roll, and what purports to be a statement on motion for a new trial.  Upon the argument here, counsel for respondent contended that the statement was not properly made and should be disregarded.  Under our statutes as construed by this court, there is no substantial difference between a statement and bill of exceptions.  The name given to the document is of little consequence.  If it brings here the rulings or decisions of the court below, the objections and exceptions thereto, and is duly certified, it should be treated for what it is and not for what it may have been called.  In this case it is clearly a bill of exceptions, is certified as such, and must be so considered.  (*Bradbury v. Improvement Co.,* ante, p. 239, 10 Pac. 620; *Schultz v. Keeler,* ante, p. 333, 13 Pac. 481.)

The first assignment of error which we shall notice is the decision of the court in striking out, on motion, all the answer except the first paragraph thereof.  This paragraph is, in substance, a general denial.  Counsel for appellants argued at the bar that the several allegations of the answer, except the general denial, were stricken out on general demurrer, and that, as the answer contained a denial, and was good thus far, the demurrer should have been overruled.  We were "almost persuaded" that this point was well taken.  It was a good argument, and well put, but the record is at variance with the argument.  The transcript shows that a part of the answer was stricken out on motion, and not on demurrer.  It is true a demurrer was filed, and the record is silent as to what disposition was made of it.  In such case, on appeal it will be presumed that the demurrer was either abandoned or overruled.  (*Guthrie v. Phelan,* ante, p. 95, 6 Pac. 108.)  After the motion to strike out was disposed of, the defendants had left a general denial of the allegations of the complaint, and a trial was had of the issues thus joined.  The answer was not verified, and hence did not put in issue the execution of the bond sued on.  Section 4200 of the Code of Civil Procedure provides that "when an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the

genuineness and due execution of such instrument are deemed admitted unless the answer denying the same is verified." To have put in issue the execution or genuineness of the instrument, a specific, verified denial was necessary. This disposes of the objections raised to the introduction of the original bond. Its execution and genuineness having been admitted by answer, it would seem unnecessary to have offered it in evidence unless for the purpose of having it placed among the files, and hence no objection would lie to its reception.

Under the pleadings, the issues to be tried were whether Hibbs had, as postmaster, received this amount of money from the government, and had failed and refused to account for the same, or any part thereof, and whether demand had been duly made. In this state of the case the plaintiff was put to the proof of these allegations, and the defendants, under their general denial, could have introduced evidence to negative each and all of these averments. In other words, we understand that, under our practice generally, where a complaint is not verified, a general denial puts the plaintiff to the proof of the substantive allegations upon which his right of recovery depends, and that plaintiff's *prima facie* case, when made, may be controverted and overcome by defendant. But this is not so when the action is brought upon a written instrument, and a copy is set out, or annexed to the complaint, and the defendant questions the instrument itself; nor is a general denial sufficient where a defendant has an affirmative defense in the nature of an avoidance. (Bliss on Code Pleading, sec. 324; *Lattimer v. Ryan,* 20 Cal. 628.) In this case there was clearly nothing in the paragraphs of the answer stricken out that would warrant or allow any evidence which could not have been introduced under the general denial, and hence there was no error in this ruling.

Appellants complain of the ruling of the court in excluding the offer to prove, by one Kress, the meaning of certain letters and figures indorsed on the original bond. The record does not show that any question was propounded, but the witness was produced, and counsel offered to prove by him what the letters "M," "O," and "P," and the figures "$6,000" and "$4,000," meant. An objection was interposed to this offer, and was sustained by the court. We understand the rule to be that, where

an offer of oral proof is made, the court must be satisfied of the good faith of the offer, and of the materiality of the evidence, otherwise it may properly be excluded. In this case there is nothing in the transcript to show or indicate that it was relevant to any issue involved, or would in any manner have aided the defense. If it appeared in any view of the case to be relevant, or if counsel had stated, in connection with the offer, that they intended to follow it up with other evidence which would make it material, then we think it would have been proper to have allowed it to go to the jury; but the bare offer to explain the letters and figures that had at some time been written on the back of the bond, without a pretense that it was material to the issues, has nothing to commend it, and we think was properly excluded. (*Scotland Co. v. Hill,* 112 U. S. 186, 5 Sup. Ct. Rep. 93; *Schmidt v. Pfeil,* 24 Wis. 321; *Wilson v. Noonan,* 35 Wis. 360.)

While impaneling the jury, one juror stated that he had "formed an opinion in favor of the defendants, but in spite of that opinion he could render a verdict according to law and the evidence in the case." This juror was challenged for cause, the challenge sustained, and to this ruling the defendants excepted. Great latitude of discretion must necessarily be allowed to the court in the trial of challengers for cause, and the rule is now well settled that the decision of the court on challenges for cause will not be disturbed unless it clearly appears that there was an abuse of discretion. The reason for this rule is obvious. The judge who tries the cause, sees the person called as a juror, hears his answers, and observes his manner and demeanor in the jury-box, can much better judge of his fitness and qualifications than can an appellate court from an examination of the record. But, if the ruling in the case at bar was erroneous, we think it would still devolve upon the appellants to show prejudice, and this they have not attempted to do. It has been well stated, in treating of this subject, that "neither party can be said to have a vested interest in any juror; therefore, although in impaneling a jury one competent person has been rejected, yet, if another equally competent person has been substituted in his stead, no injury has been done." (Thompson & Merriam on Juries, sec. 251, and cases there cited.) Applying these

rules to the question under consideration, we see nothing in the ruling on this point of which appellants can complain.

In impaneling the jury the defendants were restricted by the court to four peremptory challenges, and of this they complain. The number of peremptory challenges is fixed by the statute, which provides in civil cases that each party is entitled to four, and where there are several parties on either side, they must join in a challenge before it can be made. We do not think the legislature intended that, where there are several parties on either side, each individual should have four challenges, but that they should join, and have one set on either side. (Abbott's Trial Evidence, 23.)

There is but one other question in the record we think deserves consideration. The bill of exceptions shows that when one of the jurors was called into the box, and sworn to answer as to his qualifications, he was asked by defendants' counsel the following question: "Have you formed or expressed the opinion that there is due the government any money from the bondsmen of I. N. Hibbs by reason of his defalcation?" This question was objected to, the objection sustained, and an exception taken. The record does not disclose the ground of the objection, nor does it indicate that any other question was propounded to the juror, or that any evidence was received as to his qualifications. All that is shown is the one interrogatory, the objection, the decision thereon, the exception, and that the juror served. It further appears that the defendants had, at this stage of the trial, exercised four peremptory challenges, and interposed another which was denied. The right given to challenge for cause carries with it the right to examine for cause, or have the court do so. While the court should control the examination, and may restrict it to the statutory grounds, yet the right of a party to know whether a juror is qualified and competent is a substantial right that cannot, under our law, be denied. This seems to be conceded, but it is suggested that, as the record is silent as to any other or further interrogation of this juror, we must presume that his competency was shown. We have held that the document in the transcript, denominated a statement, is in reality a bill of exceptions. Since this is so, we must presume that it contains all the evidence and other matters material to the exceptions. This presumption will always be indulged un-

less the contrary affirmatively appears from the record. (Hayne on New Trial and Appeal, sec. 258; *People v. English,* 52 Cal. 211, *Schultz v. Keeler, supra.*) Under the facts of this case as disclosed by the record, we think the court erred in sustaining the objection to the question propounded to the juror. The judgment is therefore reversed, and cause remanded for a new trial.

Hays, C. J., and Buck, J., concurring.