(March 18, 1889.)

## SCHULTZ ET AL. v. KEELER ET AL.

### [21 Pac. 418.]

MINING CLAIM—LOCATION BY AGENT.—Where the complaint alleges that a mining claim was located on behalf of the owner by duly authorized agents, and the answer admits that fact, it is error for the court to refuse to give an instruction to the jury to the effect that one might initiate the location of a mining claim through an agent.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. B. Heyburn and W. W. Woods, for Appellants.

The actual possession of another by one who has knowledge of the extent of that possession is such a trespass as will render unlawful any attempt to initiate any such title by such trespass adverse to the title of those in possession. (*Attwood v. Fricot,* 17 Cal. 43, 76 Am. Dec. 567; *English v. Johnson,* 17 Cal. 115, 76 Am. Dec. 574; *Hess v. Winder,* 30 Cal. 355; *Golden Fleece etc. Min. Co. v. Cable Consol. etc. Min. Co.,* 12 Nev. 322; *Belk v. Meagher,* 104 U. S. 284.) If three sides of the claim were marked, and the other side was described in the notice as being a river or the base of a mountain, still, without the marking of the boundaries, the claim would even then be defective. (*Anderson v. Black,* 70 Cal. 226, 11 Pac. 701.)

Albert Allen and Richard Z. Johnson, for Respondents.

If none of the evidence is found in the record, the court will not grant a new trial on the ground that certain instructions to the jury were refused, for the court may have refused to give them because there was an entire lack of evidence on which to base them. (*Brown v. Kentfield,* 50 Cal. 129, 132; *Tompkins v. Maloney,* 32 Cal. 231; *Shepherd v. Jones,* 71 Cal. 224, 16 Pac. 711.) Actual possession, without more, without location, or even an attempted compliance with the mining laws, may be good against mere intruders, but is not good as against one who has complied with the mining laws. (*Garthe v. Hart,* 73 Cal. 543, 15 Pac. 93.) Plaintiffs or their workmen might have been in actual possession, and still have "made no such location as prevented the lands from being in law vacant," and subject to location under the mining laws. Others had the right to enter for the purpose of taking them up, if it could be done peaceably and without force. (*Belk v. Meagher,* 104 U. S. 287.) Prior occupation and working of the mineral lands of the United States, without complying with the requirements of any law, either federal, district, or local custom, does not give a right of possession as against one who afterward peaceably locates a mining claim covering the same ground, and in all respects complies with the federal and district mining laws and

regulations. From the time the second person has perfected his location the prior occupant is a trespasser.

LOGAN, J.—This action is in the nature of ejectment, brought to recover the possession of certain placer mining ground, situated in Shoshone county. The case was tried before the court with a jury. Verdict and judgment in favor of the defendants. The appeal is from the judgment only, but the judgment-roll contains the complaint, answer and bill of exceptions. The complaint alleges that on the eleventh day of June, 1883, the plaintiffs, jointly with one Jesse A. Pritchard, by their attorney, A. J. Pritchard, made a certain mining location in pursuance of the act of Congress of May 10, 1872. The answer admits that the pretended ownership of the mining ground described in the plaintiffs' complaint is based upon a pretended location thereof by one A. J. Pritchard, as the agent of the plaintiffs. Although we have no evidence before us, taken at the trial as to this point, yet we have this allegation of the complaint and the admission by the answer. It was therefore proper for the plaintiffs to request the court to charge that a valid location of a mining claim may be made by a duly authorized agent in the name and in the absence of the principal, and that when such location is once proved it as completely segregates the ground so located from the public domain as though located and held by the locator in person. The fact of the location by an agent was in the case as fully as it would have been had there been evidence. It was absolutely necessary for the plaintiffs, in making out their case, to prove this allegation; and they could only prove it in the manner alleged. The answer having admitted the manner of location, evidence of the manner might not be necessary, but it furnishes no excuse for the court to refuse to instruct upon that subject, because the plaintiffs' whole claim, and the validity of their location, depended upon the question whether it could be made by an agent. It is unnecessary for us to go into the question as to whether this request to charge is proper or not. It was the law of this case, for the reason that the same question had been presented in the same action on a former appeal (ante, p. 333, 13 Pac. 481), and the charge was there held to be proper. In that opinion

we certainly concur. For the refusal of the court to charge as requested, the judgment is reversed, and a new trial ordered.

Weir, C. J., and Berry, J., concur.