George McBurney, appellant, v. John Berry, respondent.

Evidence— *Quartz location — Declaratory statement to contain all essential facts on oath.*— The territorial statute (R. S. 1879, sec. 873 of 5th division, p. 590) requires that the declaratory statement for the location of a quartz lode, in manner prescribed by the laws of the United States, shall be in writing and on oath. A notice that does not conform to the requirements of the statute should be rejected in evidence, and its admission was error.

*Appeal from Third District, Jefferson County.*

E. W. & J. K. Toole, for appellants.

The court erred in admitting in evidence the certificate of location of the Julia lode for the following reasons:

1st. It was too indefinite in its description. *Faxan* v. *Barnard*, 4 Fed. Reporter, p. 702.

2d. The statement was not sworn to as to all the essential facts. *Russell* v. *Hoyt*, 4 Mont. 412.

3d. The verification is not signed by the locator, who only makes his mark, and there is no witness to such mark.

John H. Shober and Thos. F. Casey, for respondent.

The certificate of location of the Julia Gold lode was properly admitted in evidence. The description of the ground was sufficiently definite to comply with the requirements of law. *Weill* v. *Lucerne Mining Co.* 11 Nev. 200; *Russell* v. *Chumasero*, 4 Mont. 317. If outside proof was necessary to make the description definite, it must be presumed that it was given.

The certificate of location was properly verified. The defendant swears not only to citizenship, but that he was the discoverer of the lode whose character and situation is described in the certificate. It has every mark of good faith.

The signature to the certificate by mark is sufficiently witnessed by the notary.

Coburn, J.   This is an action of ejectment for the possession of a quartz lode mining claim, known as the Silver King, in an unorganized mining district in Jefferson county.   It is stated in the bill of exceptions that the plaintiff, having made out a *prima facie* case for the jury, rested his case, and thereupon defendant placed upon the witness stand the defendant, who testified that he had located the property in dispute, and identified a certain paper purporting to be a notice of location of the Julia Gold lode, which said notice the defendant then offered in evidence, which is as follows:

"Notice is hereby given that the undersigned did, on the 6th day of July, 1878, discover and locate a quartz lead, lode or vein, containing valuable mineral, to which he has given the name of the Julia lode, under the act of congress of May 10, 1872; he claims one thousand five hundred feet in length on the line of the lode, commencing at the center of the discovery shaft and running west one thousand five hundred feet, and three hundred feet in width on each side of the center of the lode for the whole distance claimed in length.   The said lode is located in Jefferson county, Montana territory; on the northern slope of the range of mountains which divide the waters of the north and south forks of the Little Boulder creek.   The nearest known claims to the said lode is the placer mining claims of A. B. Beatty & Co., on McGinley gulch.

(Signed)                          His
                                   "John ⋈ Berry.
                                       Mark.

"The Territory of Montana, Jefferson County: — On the 6th day of July, 1878, personally appeared before me, John Berry, known to me to be the signer of the above notice of location, who, being duly sworn, says he is the discoverer of the lode, and further says he is a *bona fide* citizen of the United States."

This is signed and sealed by the notary public.

To the introduction of this notice the plaintiff objected,

for the reason, among others, that the notice was wholly defective and insufficient in law, because the matters and things stated in the said notice are not upon the oath of the locator. The court overruled the objection, and admitted the notice in evidence. There followed a verdict and a judgment for the defendant, and the plaintiff appealed to this court.

The statute of this territory (sec. 873, 5th division, 590, Revised Statutes) is as follows: "Any person or persons who shall hereafter discover any mining claim upon any vein or lode, bearing gold, silver, cinnabar, lead, tin, copper or other valuable mineral deposits, shall, within twenty days thereafter, make and file for record in the officer of the recorder of the county in which said discovery is made, a declaratory statement thereof in writing, on oath, before some person authorized by law to administer oaths, describing such claim in the manner prescribed by the laws of the United States."

The statute of the United States is as follows: Section 2324. "All records of mining claims hereafter made shall contain the name or names of the locators, the date of the location, and such a description of the claim or claims located, by reference to some natural object or permanent monument, as will identify the claim."

These essential facts, such as the name of the locator, the date of the location, the description of the claim as to its mineral veins and the bounds or lines, with reference to some natural object or permanent monument, must be sworn to by the locator.

In this case the statutes of the United States and the territory have not been complied with. The notice of location has not been sworn to as required. The facts therein contained are set forth, not under the solemnity of an oath; the only matters verified by oath are the facts that the locator is the discoverer of the lode and that he is in good faith a citizen of the United States. This evidence should have been rejected; since the law con-

templates that the notice of location shall be in the nature of an affidavit to the facts required by law to be contained therein.

Judgment reversed and cause remanded for a new trial.

*Judgment reversed.*