BERG ET AL., APPELLANTS, *v.* KOEGEL ET AL., RE-
SPONDENTS.

[Submitted May 16, 1895.  Decided June 3, 1895.]

MINES AND MINING—*Location notice—Affidavit.*—An affidavit to the declaratory state-
ment of a quartz location, which shows that the statement was sworn to one year be-
fore the location of the lode, is fatal to the validity of the location in the absence of
proof that the affidavit was wrongly dated by mistake of the notary.

SAME—*Case affirmed.*—The case of *McCowan* v. *Maclay*, *ante*, page 234, holding that sec-
tion 1477, Fifth Division, Compiled Statutes, requiring declaratory statements of
quartz locations to be made on oath, is not in conflict with the laws of the United
States upon the subject of mining claims, affirmed.

*Appeal from Fifth Judicial District, Jefferson County.*

ACTION to quiet title to a mining claim.   Defendants mo-
tion for a nonsuit was granted by SHOWERS, J.   Affirmed.

*John S. Miller*, for Appellants.

DEWITT, J.—This is an action brought by plaintiffs to
quiet their title in and to certain mining premises against the
claims of defendants to the same premises. The plaintiffs were
nonsuited, and judgment entered for defendants, from which
judgment this appeal is taken.

One of the grounds for the nonsuit was the defect in the lo-
cation notice of the plaintiffs.   The location notice was dated
January 1, 1891.   It was verified, as appears by the affidavit,
January 1, 1890.   It was recorded January 2, 1891.   The
testimony shows that the discovery and location was made
January 1, 1891. Therefore it appears by the recorded notice
that it was verified a year before the discovery and location of
the claim.   There was no attempt made upon the trial to show
that the affidavit was wrongly dated by mistake of the no-
tary.   The only testimony upon the subject of when the notice
was made out is the testimony of a witness who stated that it
was made out the last day of January before he went upon the
ground.   As he went upon the ground and located the claim
in January, 1891, it was probably a mistake of the transcriber

when he made the testimony to appear that the notice was made out the last of January. The witness probably said the last of December. But, in any event, the verification itself shows the date one year prior to the location, and the best that the evidence does to help the plaintiffs shows that the verification was made certainly before the location, for the witness says that it was made out and sworn to before the location was made. Our statute (section 1477, div. 5, General Laws) provides that a person making a discovery and location of a quartz lode vein shall file a declaratory statement thereof on oath. A declaratory statement on oath, made perhaps a year, and at least some time, before the discovery and location, is certainly not a declaratory statement of the location. A person surely cannot make affidavit of facts before the facts came into existence.

We are therefore of opinion that the testimony of the plaintiffs themselves showed that they had not made or filed a declaratory statement on oath of the discovery or location of their claim. The court therefore properly granted the nonsuit. This decision is made upon the authority of *McCowan* v. *Maclay, ante,* page 234, to the effect that our statute requiring the location notice to be verified is not in conflict with the laws of the United States upon the subject of the location of mining claims. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.