(November 19, 1895.)

## DUNLAP v. PATTISON.

### [42 Pac. 504.]

MINES AND MINING—LOCATION OF MINING CLAIM BY AGENT.—An agent or attorney in fact may locate a mining claim for his principal, and may do everything necessary to perfect such location,. including the making of the affidavit required by section 3104 of the Revised Statutes of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. W. Woods, for Appellant.

The only point I desire to argue is the alleged error of the court, in holding, under section 3104 of the Revised Statutes of Idaho, and also section 3122, as similating the affidavits of placer locations to the affidavits of lode locations, that no one but the locator could make the affidavit accompanying the notice of location presented for record in the office of the county recorder. This construction of the literal language of the statute is too narrow. In *Schultz v. Keeler*, 2 Idaho, 333, 13 Pac. 481, this court, as early as 1887, held that a location could be made through an agent, citing the act of Congress that sanctioned and continued in force all local laws and customs not inconsistent with the laws of the United States. (U. S. Rev. Stats., sec. 2319; *Gore v. McBrayer*, 18 Cal. 582; *Morton v. Salambo etc. Co.*, 26 Cal. 528.)

C. W. Beale, for Respondents.

We are confronted only by one proposition: Can an agent make such an affidavit as the law declares must be made and subscribed by one of the locators? In other words, can a party, upon whom the law expressly imposes the personal duty of signing and swearing to a certain affidavit setting forth certain facts within his personal acquaintance and knowledge authorize another to swear in his place? One of the locators named in the notice, and he only, can make and subscribe the affi-

davit, and without such an affidavit the notice of location is
void. (Idaho Rev. Stats., secs. 3104, 3122; *Metcalf v. Pres-
cott,* 10 Mont. 283, 25 Pac. 1037; *Mattingly v. Lewisohn,* 13
Mont. 508, 35 Pac. 111-114.)    Where the statute requires an
oath from the principal it cannot be satisfied by the oath of the
agent.    (*People ex rel. Post v. Fleming,* 2 N. Y. 44; Endlich
on Interpretation of Statutes, sec. 106, p. 141, and cases cited;
*People ex rel. Haines v. Smith,* 45 N. Y. 783; *United States
v. Bartlett,* 1 Meyers' Fed. Dec., sec. 86, p. 168; 2 Ware (Dav.
9), 17, Fed. Cas. No. 14,532.)

MORGAN, C. J.—Appellant claimed to own a consolidated
placer mining claim in Eagle mining district, Shoshone county,
Idaho, called the Noonday, Midnight, No. 9, and No. 10 placers,
and made application for patent; and thereupon the respond-
ents, claiming to own the Roanoke and Break of Day placers,
conflicting almost entirely with No. 9 and No. 10 placers, filed
their protest and adverse claim in the land office in Coeur
d'Alene City, Idaho, and within the statutory time brought
this action, which is an adverse suit.    The appellant answered
the complaint, and denied the validity of the location of the
Roanoke placer claim and the Break of Day, and alleged the lo-
cation and ownership of placer claims Nos. 9 and 10, and title
in himself.    To prove title in the appellant, he introduced a
power of attorney from John R. Waite, making and constitut-
ing the said defendant, Moses Pattison, his true and lawful
attorney for himself (Waite), and in his name, place, and
stead, to and for the purpose of locating in his name certain
ground on Eagle creek, Shoshone county, Idaho, for placer
mining purposes, giving and granting unto him (the said at-
torney) power and authority to do and perform all and every
act and thing whatsoever required and necessary to be done
in and about the premises, as fully to all intents and purposes
as the said Waite might or could do if personally present.
Thereupon the appellant offered in evidence a location notice,
which was identified as the location notice of claim No. 9,
which said notice was excluded by the court, for the reason that
the claim was located in the name of John K. Waite by Moses

Pattison, his attorney in fact, and was sworn to by Moses Pattison, instead of John K. Waite, the locator named in the notice; the court holding that nobody but one of the locators could made the affidavit; that, in the case before the court, John K. Waite, was the locator, and the only locator. The location notice of placer mining claim No. 10 was then offered in evidence, and was the same in all respects as that of No. 9, except that the location was made in the name of Alexander Pearson, by Moses Pattison,.as attorney in fact, the name of Pearson only appearing in the notice as the locator, and was sworn to, as No. 9, by Moses Pattison. This location notice was excluded also, for the same reason as that given for the exclusion of No. 9. Both these rulings were excepted to by the defendant, and the case is brought to this court on appeal; the only error contended for being the ruling of the court, as above stated, in excluding this notice.

Section 3104 of the Revised Statutes of Idaho provides that "at the time of presenting a notice of location for record, or within five days thereafter, one of the locators named in the same must make and subscribe an affidavit in writing on or attached to the notice, in the following form, to wit: 'I, ———, do solemnly swear that I am acquainted with the mining ground described in the notice of location herewith, called the ——— ledge; that the same has not to the best of my knowledge and belief been before located according to the laws of the United States and this territory, or, if so located, that the same has been abandoned or forfeited,' " etc.

It is contended on the part of appellant that the construction by the court of the literal language of the statute, requiring one of the locators named in the notice to make the foregoing affidavit, is too narrow. In the case of *Schultz v. Keeler,* 2 Idaho, 333, 13 Pac. 481, this court held that a valid location of a mining claim could be made through an agent; and in *Gore v. McBrayer,* 18 Cal. 587, the court holds that "it is not necessary that a party should act personally in taking up a claim, or in doing the acts required to give evidence of the appropriation, or to perfect appropriation; and that such acts are valid if done by anyone for him or with his assent or ap-

proval, and assent will be presumed." In the above case the
notice contained the name of the locator, as well as those for
whom location was made. In *Morton v. Mining Co.,* 26 Cal.
530, the court holds that a person may locate a mining claim in.
the name of himself and others named in the notice of loca-
tion, and, when so located, title will be good in the others not
present and having no notice of the location. One of several
colocators of a mining claim may cause a notice of a mining
claim to be recorded in the name of himself and others not
present, and the location will be good. (*Kramer v. Settle,* 1
Idaho, 485.) It will also be seen that section 3101 of the Re-
vised Statutes provides that the locator of any lode mining
claim must, at the time of making the location, place a sub-
stantial stake or post, not less than four inches square, etc.;
and yet this and every other act necessary to be done by the
locator to make a valid location may be done by an agent,
although the statute distinctly states that the locator must do
these things. Further, the statute provides that the recorder
must record the claims, and yet the recorder may do this by
his deputy or agent, or by a mere clerk in the office, although
the clerk may have neither power of attorney to act, nor even
written authority of any kind, nor is it necessary that he be a
sworn officer, and his acts are as valid as if performed by the
recorder himself. The courts have repeatedly held that claims
may be located by an agent, as well as by the principal. There
would seem to be no reason why this affidavit might not be as
well made by the agent as by the principal; in fact better, as, in
case the claim was located by an agent, he would be the person
acquainted with the facts necessary to be stated in the affidavit
—as "that he was acquainted with the mining ground described,.
that it had not been theretofore located, or that it had been
abandoned." If the person named in the notice must, of neces-
sity, make the affidavit, then such person must, before complet-
ing the location, go upon the ground in person to acquaint him-
self with the facts necessary to be stated in the affidavit. It
is, and was when this law was passed, a well-known custom of
the country to employ prospectors to go into the mountainous

country and search for mines. These men ordinarily had no money, and money, provisions, horses, tools, and supplies of every kind were furnished by men who had the means to do so, but could not themselves go; but, if they must go to make this affidavit, then they might as well do the work. It will be seen that the narrow construction of this statute contended for would at once destroy the whole business of outfitting men to prospect for mines, by which means probably three-fourths of all the mines in the country were discovered. It cannot be that the legislature intended this. If the prospector inserts his own name in the notice of location as one of the locators, wherein does that change his relation to the others named in the notice? He must make the affidavit for them, as well as himself. If he can do this, why can he not make it wholly for them? The main thing required by the legislature (section 3104) is an affidavit that the party making it is acquainted with the mining ground, that it has not been located, or, if located, has been abandoned. These are the important facts. Who makes the affidavit is not important, so he is acquainted with the facts.

We must be careful that we do not overlook the spirit—the reason—of the law in a mentally blind effort to follow the words. Such statutes, being directory only, in unimportant particulars should be liberally construed. Such construction is not without authority in similar cases. A statute which requires something to be done by a person would be complied with, in general, if done by another for him, for it is a general principle of law that *"qui facit per alium facit per se."* (Endlich on Interpretation of Statutes, sec. 105.) On this ground it is held that, where the statute required an oath to be administered by the court or judge, it was complied with if the oath was administered by the clerk of the court. (*Oaks v. Rodgers,* 48 Cal. 197.) So an Irish statute which gave a tenant for life or for more than fourteen years the right to fell trees planted by him, and required the tenant so planting to file an affidavit that they were planted by him, the form of which, in the act, purported to be made by the tenant personally, was held to be satisfied by the affidavit of the tenant's agent.

A different construction, it was said, would have rendered the act inapplicable to most of the cases which it had in view.. (*Earl of Mountcashell v. O'Neill,* L. R. 5 H. L. 937.)

We think the construction given to the statute by the court below was never intended by the legislature, and that, as the location may be made as well by the agent or attorney in fact of the locator, so every act necessary thereto may also be performed by such agent or attorney, if the facts required are within his knowledge. Of course, the agency must be shown by sufficient evidence. Judgment and decree reversed. Costs awarded to appellant.

Huston and Sullivan, JJ., concur.