Points decided.

---

'(November 30, 1901.)

## VAN BUREN v. McKINLEY.

### [66 Pac. 936.]

VERDICT—SUBSTANTIAL CONFLICT IN EVIDENCE.—When there is a substantial conflict in the evidence, the appellate court will not disturb the verdict of the jury.

MINING DISTRICT RECORDER.—Under the provisions of section 3103 of the Revised Statutes, a county recorder may appoint a deputy recorder at any place in his county where he may deem it necessary, and at all places ten miles distant from an existing office, when ten or more mining locators interested petition for the appointment of a deputy, and upon the failure of the recorder to appoint a deputy within ten days after receiving such petition, the resident miners of such district may appoint, temporarily, a recorder of such district.

DISTRICT RECORDER—APPOINTMENT OF DEPUTY.—A district recorder appointed by the resident miners has no authority to appoint a deputy, and the person so appointed has no authority to administer oaths.

AFFIDAVIT TO LOCATION NOTICE.—An affidavit to a mining location notice must be sworn to before an officer authorized by law to administer oaths.

DE FACTO OFFICER.—There can be no officer *de facto* where there is no office.

STATE AND FEDERAL STATUTES.—The provisions of section 3104 of the Revised Statutes, and amendments thereto, requiring an affidavit to be attached to a mining claim location notice, is not in contravention of the provisions of section 2322 of the Revised Statutes of the United States.

(Syllabus by the court.)

APPEAL from District Court, Boise County.

Hawley & Puckett, for Appellant.

We claim the court below erred in refusing to admit in evidence the notice of location of the Fair Pay mining claim, and in sustaining defendant's objection to said notice. The paramount title to all mining ground is in the United States. The act of Congress relating to mining claims does not require an affidavit to the declaratory statement, or notice of location, and California, Idaho and Montana are the only states that do require it. It is a condition added to those imposed by the United States, by the legislatures of the three states mentioned requiring the citizen to do certain acts before he can secure a right to the public mineral lands, which the United States, the owner of such lands, does not require. The owner of these lands, the government of the United States, gives the citizen the right to possess and work a certain area of the public mineral lands, and to acquire the full title thereto, by patent, by compliance with certain conditions laid down in the federal statute. (U. S. Rev. Stats., secs. 2318-2352; Lindley on Mines, 249; *Wenner v. McNulty,* 7 Mont. 30, 14 Pac. 643; *O'Donnel v. Glenn,* 8 Mont. 248, 19 Pac. 302; *Preston v. Hunter,* 67 Fed. 996.) We insist, however, that Bachman was a person authorized under our statutes to administer oaths, and that the verification to the notice in question was properly made, and should

have been admitted as evidence.    (Rev. Stats., sec. 3103.)    That
H. W. Dorman was a person elected under the statute cannot
be questioned.  He signs himself "district recorder," and the
county recorder recognizes him as such officer, by filing the
notices he has recorded.  The presumption is that an officer
does his duty, and there is nothing herein to rebut that pre-
sumption so far as the officers mentioned are concerned.    Then,
if he was a district recorder, he had the power of district re-
corders in mining districts as such officers were formerly gen-
erally known in this and other mining states, and amongst
these powers is the right to appoint a deputy.    It cannot be said
that he has no such power because the statute does not give it
to him.  The general rule of the common law is, that all
officers who exercise merely ministerial functions may appoint
deputies without express authority to that effect.    (*Jobson v.
Fennell,* 35 Cal. 711.)    But we urge that, if our entire con-
tention so far made upon the matter of verification is wrong,
still, the court below should have admitted the notice because
the verification was made before a *de facto* officer.    (*King v.
Bedford Level,* 6 East, 356, cited in Mechem on Public Offi-
cers, 317; note to *Cary v. State,* 58 Am. Rep. 440; *Hamlin
v. Kassafer,* 15 Or. 456, 3 Am. St. Rep. 176, 15 Pac. 778;
*Creighton v. Commonwealth,* 83 Ky. 142, 4 Am. St. Rep.
143; *Fowler v. Beebe,* 9 Mass. 231, 6 Am. Dec. 62; *Burke
v. Elliott,* 4 Ired. 355, 42 Am. Dec. 142; *People v. Staton,*
21 Am. Rep. 479; *Sheehan's Case,* 122 Mass. 445, 23 Am.
Rep. 374; *Wilcox v. Smith,* 5 Wend. 231, 21 Am. Dec. 213;
*Hildreth v. McIntyre,* 1 J. J. Marsh. 206, 19 Am. Dec. 61;
*Brown v. Lunt,* 37 Me. 423.)    The authority given by law to
a municipal officer is given to the incumbent of the office;
authority is not given to the deputy, but to the principal, and
is exercised by the principal either by himself or his deputy.
(*Talbot v. Hoosier,* 12 Bush (Ky.), 408; Mechem on Public
Officers, 328, note 4; *Smith v. Bondurant,* 74 Ga. 416, 58 Am.
Rep. 438; *People v. Staton,* 73 N. C. 546, 21 Am. Rep. 479;
*State v. Carroll,* 38 Conn. 449, 9 Am. Rep. 409.)    The third
alleged error lies in the court below overruling plaintiff's objec-
tion to defendant's offer in evidence of affidavits of assessment

work on the Red Warrior claim for 1898, 1899, and 1900, and in refusing plaintiff's motion to strike out the evidence in regard thereto. All presumptions in favor of defendant because plaintiff had not tried to show that the affidavits of assessment work had not been filed vanished entirely, and were completely eliminated from the case. The burden of proof being originally upon the plaintiff to prove the forfeiture by reason of defendant's failure to do the assessment work, the plaintiff discharged the burden *prima facie,* by showing no work had been done during the years alleged, and it therefore became the duty of the defendant to show affirmatively such work had been done. (*Hall, v. Kearny,* 18 Colo. 505, 33 Pac. 373; Lindley on Mines, 236.)

C. C. Cavanah, for Respondent.

The notice of location of the Fair Pay mining claim is void, for the reason that it does not contain an affidavit in writing on or attached to said notice as required by the laws of Idaho. We differ with counsel for appellant upon the statement that this question of requiring an affidavit to a mining location notice in Idaho "brings to the attention of this court a proposition never heretofore before it," for the supreme court of this state has, in the case of *Dunlap v. Pattison,* expressly passed upon this question, in construing section 3104 of our statutes. (*Dunlap v. Pattison,* 4 Idaho, 473, 95 Am. St. Rep. 140, 42 Pac. 504, 506; *McBurney v. Berry,* 5 Mont. 300, 5 Pac. 867; *O'Donnell v. Glenn,* 8 Mont. 248, 19 Pac. 302; *Metcalf v. Prescott,* 10 Mont. 283, 25 Pac. 1037; *Mattingly v. Lewisohn,* 13 Mont. 508, 35 Pac. 111; *McGowan v. McLay,* 16 Mont. 234, 40 Pac. 602; *Berg v. Koegel,* 16 Mont. 266, 40 Pac. 605.) Suppose the facts set forth in this pretended affidavit were false, and it appeared that the person who administered the oath had no authority to do so, because no conviction for the crime of perjury could be had, it must appear that the officer or person had authority granted to them by law to administer the oath. (*United States v. Howard,* 37 Fed. 666; *United States v. Manion,* 44 Fed. 800; *United States v. Bedgood,* 49 Fed. 54; *People v. Dunlap* 113 Cal. 72, 45 Pac. 183; *United States v. Garcelon,* 82 Fed. 611; *United States v.*

*Law,* 50 Fed. 915.) The affidavits of assessment work on the Red Warrior claim for the years 1898, 1899 and 1900 were certainly competent evidence in this case, as the performance of the annual assessment work for 1898, 1899 and 1900 was and is an issue in the case. The rule as recognized by all the courts who have passed upon this question is, that these affidavits are *prima facie* evidence of the performance of the assessment work and they may be used in evidence. (*Book v. Justice Min. Co.,* 38 Fed. 106; *Coleman v. Curtis,* 12 Mont. 301, 30 Pac. 266; *Davidson v. Bordeaux,* 15 Mont. 245, 38 Pac. 1075; *Belk v. Meagher,* 104 U. S. 283; *McGinnis v. Egbert,* 8 Colo. 41, 5 Pac. 652-656.) The correct rule seems to be that where a person holds and works a mining claim for the time prescribed by the statute of limitations for mining claims of the state in which it is situated before the adverse right exists, he may obtain a patent, and it is equivalent to a location under the act of Congress. (*Altoona Q. M. Co. v. Integral Q. M. Co.,* 114 Cal. 100, 45 Pac. 1047; *Strepey v. Stark,* 7 Cal. 619, 5 Pac. 111; *English v. Johnson,* 17 Cal. 108, 115, 76 Am. Dec. 574; *Harris v. Equator Min. Co.,* 8 Fed. 863; *420 Min. Co. v. Bullion Min. Co.,* 9 Nev. 240; 2 Lindley on Mines, 868, 869, 870; *Belk v. Meagher,* 104 U. S. 279; *G. M. S. Min. Co. v. Willis,* 127 U. S. 471, 8 Sup. Ct. Rep. 1214.)

SULLIVAN, J.—This is an action on an adverse claim upon an application of respondent for a patent from the United States to the Red Warrior lode mining claim, situated in West View mining district, Boise county, Idaho. The complaint is in the usual form, and alleges, among other things, that the appellant is the owner of the identical mining ground included in the boundaries of said Red Warrior mining claim under the name of the Fair Pay lode mining claim. The cause came on for trial before the court with a jury, and on the trial the notice of location of said Fair Pay claim was offered in evidence by the appellant. Objection was made to its introduction on several different grounds, and on the ground that no affidavit in writing was attached thereto, as required by the laws of this state (section 3104 of the Revised Statutes, and amendments

thereto). The court sustained the objection. Deeds of conveyance made by the locators of said Fair Pay mining claim were offered in evidence, and were excluded on the objection of respondent. Thereupon the appellant called numerous witnesses to show that the assessment work required by law had not been done on the Red Warrior claim for the years 1899 and 1900. Evidence on behalf of the respondent was then introduced to prove that the required assessment work had been done on said Red Warrior claim, and rebutting evidence was introduced on the part of the appellant. The verdict and judgment were in favor of the respondent. A motion for a new trial was made, and overruled by the court. This appeal is from the judgment and order denying a new trial.

The record shows that the Red Warrior mining claim was located in 1892, and that in January 2, 1900, the grantors of appellant attempted to relocate the identical ground included in the Red Warrior claim under the name of the Fair Pay claim, for the reason, as it is claimed, that the annual assessment work required by law had not been done on the Red Warrior claim for the years 1899 and 1900. Upon that question the appellant introduced considerable evidence to prove that such work had not been done, and the respondent called several witnesses, who testified that it had been done. There was a serious conflict in the evidence on that point, and the jury found that it had been done. When there is substantial conflict in the evidence, this court will not disturb the verdict on the ground of the insufficiency of the evidence to support it. If the annual assessment had been done on the Red Warrior claim for the years 1899 and 1900, the ground was not open to location at the time the Fair Pay location was made.

However, the main contention on this appeal is over the order of the court in refusing to admit the Fair Pay location notice in evidence; and it arises over the alleged affidavit attached to said notice of location. It is signed by M. A. Mitchell, one of the locators, and purports to have been sworn to before H. W. Dorman, district recorder, by W. J. Batchman, deputy. The contention is that there is no such an office as deputy district recorder, and therefore no such officer; hence, the

necessary affidavit was not sworn to before a person authorized to administer an oath. Section 3103 of the Revised Statutes is as follows: "Every claim must be recorded within fifteen days from the time of the posting of the notice, in the district in which the same is situated, or at the nearest office to the claim. For the convenience of prospectors and locators, the county recorders of the several counties must appoint a deputy at any place where he may deem it necessary, and at all places more than ten miles distant from an existing office, whenever ten or more mining locators interested petition for the appointment of such deputy. Upon the failure of any recorder to make the appointment of a deputy for ten days after a petition in writing has been presented to him, the resident miners at such district may appoint temporarily one of their number to act as recorder of the district, whose records shall be as valid as if made by a deputy, and must be entered by the recorder as hereinafter required: provided, that whenever at any time afterward the recorder appoints a deputy for such district or place, the authority of the person elected by the resident miners ceases."

Said section provides but two ways in which a recording officer for a mining district can be selected: (1) By appointment by a county recorder; (2) upon the failure of the county recorder to appoint within ten days after receiving the petition named in said section, the resident miners may appoint temporarily one of their number to act as recorder of their district. It is apparent from the record that H. W. Dorman had been selected by the resident miners as their district recorder, and was not appointed by the recorder of said Boise county as his deputy. However, in our view of the question under consideration, it makes no difference whether he had been appointed by the county recorder or selected by the resident miners of said district; for, in either case we know of no provision of law authorizing a deputy recorder to appoint a deputy, and no provision has been called to our attention that authorizes a district recorder selected by the resident miners to appoint a deputy. The legislature has named in our statute all of the different officers and persons who are authorized to administer oaths,

and among them are not enumerated deputies appointed by mining district recorders. We are therefore forced to the conclusion that there is no such officer as "deputy district recorder," and that the affidavit attached to said location notice was not sworn to as required by law.

It is contended by counsel for appellant that said "deputy district recorder" was a *de facto* officer, and for that reason his administration of said oath was authorized. The difficulty is there must be an office for a *de facto* officer to fill, and, as there is no such office as "deputy district recorder," there can be no *de facto* officer to fill it. (See Mechem on Public Officers, 322.)

It is contended by counsel for appellant that an affidavit is not necessary to make a valid location; that the law requiring it imposes a condition precedent upon citizens about to locate mining ground not contemplated by the laws of the United States, and in conflict with them, and therefore the state law imposing such condition is absolutely void. Under the provisions of section 2322 of the Revised Statutes of the United States, state, territory, and local regulations are authorized to be imposed as a condition precedent to the possession of mining claims, not in conflict with the laws of the United States. Requiring an affidavit to be attached to the location notice of a mining claim as provided by section 3104 of the Revised Statutes is not in conflict with the provisions of said section 2322. It is a reasonable regulation that the legislature is fully authorized to make. (*Dunlap v. Pattison,* 4 Idaho, 473, 95 Am. St. Rep. 143, 42 Pac. 504.) The supreme court of Montana in several cases have held that the statute requiring an affidavit a location notice of a mining claim was not in contravention of the federal statutes. (*McBurney v. Berry,* 5 Mont. 300, 5 Pac. 867; *McCowan v. McLay,* 16 Mont. 234, 40 Pac. 602; *Berg v. Koegel,* 16 Mont. 266, 40 Pac. 605.)

We have carefully examined the numerous errors assigned, and find no error in the record. The judgment is affirmed, with costs, in favor of respondent.

Quarles, C. J., and Stockslager, J., concur.