[Nos. 1309, 1310. December 8, 1911.]

# THE RIVERSIDE SAND & CEMENT MANUFACTURING COMPANY, Cross Appellant and Appellee, v. E. F. HARDWICK et al, Cross Appellees and Appellants.

## SYLLABUS.

1. Verdict and findings of jury reached upon conflicting evidence present no question for review by this court.

2. Assignment not argued in the briefs will not be considered.

3. There is no limit to the number of placer claims which may be located by one person or association of persons.

4. No claim of surprise and no application for continuance being presented appellants cannot complain on appeal of action of trial court in permitting reply to be filed to the answer during the progress of the trial.

5. Monuments found upon the ground at the corners of a placer claim may be adopted by the locator as his own and will meet the requirements of marking on the ground by substantial monuments.

6. The principle that no valid location can be made of land in the actual adverse possession of another can have no application in the case at bar.

7. Pleadings not having put in issue the question of publication of articles of incorporation and return of proofs to the Secretary of the Territory, the court did not err in refusing to give requested instruction requiring the jury to find that all the formalities of law had been complied with in regard to the organization of the appellee corporation.

8. The fraud of locating by means of dummies is a fraud upon the government and the government alone can complain.

Appeal from the District Court of Chaves County.

before WILLIAM H. POPE, Chief Justice.    Judgment entered for Appellee.

RICHARDSON, McCLURE and HEFLIN for Appellants.

Unless the verdict is specific in finding that the plaintiff has a right to the land by reason of an absolute compliance with the requirements of the law, it will operate to reverse a judgment based thereon.    Gwillin v. Donnellan, 115 U. S. 50; Burke v. McDonald, 33 Pac 49.

Claim was not marked by four substantial posts. Laws 1899, chap. 57, sec. 1; 2 Thompson on Trials, sec. 2295; Bates v. Hearte, 82 Am. St. Rep. 187.

Bona fide entry.    Nevada Sierra Oil Co. v. Home Oil Co., 98 Fed. 673; Bolk v. Meager, 104 U. S. 287; Atherton v. Fowler, 96 U. S. 513; Durant v. Corbin, 20 Morrisson's Mining Reports 8794.

Dummy entries.    Durant v. Corbin, 94 Fed. 382; Gird v. California Oil Co., 18 Morrison's Mining Rep. 45, 60 Fed. 531; Mitchell v. Cline, 24 Pac. 164.

REID & HERVEY for Appellee and Cross Appellant.

Findings warranted by evidence.    Green v. Browne & Manzanares Co., 11 N. M. 658; Robinson v. Palentine Ins. Co., 11 N. M. 162; Territory v. Hicks, 6 N. M. 596; Rodey v. Travelers Ins. Co., 3 N. M. 543.

Valid Location.    Gwillin v. Donnellen, 115 U. S. 50; Berke v. McDonald, 33 Pac. 49; Richmond Mining Co. v. Rose, 114 U. S. 576.

If a defendant shall go to trial as though a reply by way of traverse were in, he shall be deemed to have waived it.    Shirts v. Irons, 28 Ind. 458; Irvinson v. Van Riper, 34 Ind. 148; Wilson v. Fuller, 9 Kas. 177; Hopkins v. Cochran, 17 Kas. 173; McAllister v. Howell, 42 Ind. 15; Foley v. Alkire, 52 Mo. 317.

The existence of a corporation is admitted by a plea to the merits in an action by a corporation.    3 Enc. Ev. 614; West Winsted Savings Bank and Bdg. Association v. Ford,

27 Conn. 282; St. Louis Smelting etc. v. Kemp, 104 U. S. 651.

In an action for ejectment forfeiture on the part of plaintiff must be specially pleaded if relied upon by defendant. Steel v. Gold Lead Mining Co., 18 Nev. 80.

Government alone can complain of lack of good faith in locators of placer claim. 1 Lindley on Mines, sec. 450; Davis v. Dennis, 85 Pac. 1079, Wash.; McKinley Creek Mining Co. v. Alaska United Mining Co., 183 U. S. 563; Martin's Mining Law, sec. 96; Billings v. Smelting Co., 51 Fed. 338; Manuel v. Wulff, 152 U. S. 507; Snyder on Mines, sec. 267; Costigan on Mining Law, sec. 47; Tornances v. Melsing et al, 109 Fed. 710; Wilson v. Triumph, etc. Co., 75 Am. Rep. 718.

Where a locator on a mining claim includes within his boundary line a greater area of surface than he is permitted to hold under the statute, he is entitled, nevertheless, to hold the limit which the law authorizes, and only the territory in excess of these limits embraced within his boundaries is to be rejected. Richmond Mining Co. v. Rose. 114 U. S. 576; Walton v. Wild Goose M. & F. Co., 123 Fed. 209. Glacier Mountain Silver Mining Co. v. Willis, 127 U. S. 471; Martin's Mining Law, secs. 128, 129; MacIntosh v. Price, 121 Fed. 716; Zimmerman et al v. Fudion et al, 161 Fed. 859.

One person may locate a mining claim entirely for another. U. S. Rev. Statutes, sec. 2319; Schultz v. Keeler, 2 Idaho 333, 568; McCullouch v. Murphy, 125 Fed. 147; Dunlap v. Pattison, 4 Idaho 473; Murley v. Ennis, 2 Colo. 300; Moore v. Hamerstag, 109 Cal. 122; Martin's Mining Laws, secs. 100-103.

## OPINION OF THE COURT.

PARKER, J.—The Riverside Sand and Cement Manufacturing Company, appellee, brought an action of ejectment to recover the possession of a placer mining claim called the Chieftain No. 1, resulting in a verdict and judgment for the possession of only a portion of the same. The appellants, Eugene F. Harwick and others, the defendants below, took an appeal to this court. The plaintiff below and

appellee here also sued out a cross-appeal from the judgment. Both of these appeals will be considered together.

1. The first five assignments of error by appellant cannot be considered by this court. They relate to the verdict and findings of the jury which were reached upon conflicting evidence. Under such circumstances they present no question for review by this court. Melini & Eakin v. Friege & Bro., 15 N. M. 455. The sixth assignment is not argued in the briefs and will, therefore, not be considered.

2. The seventh assignment is directed to the refusal of the court to admit in evidence the location notice of the Chieftain No. 2, another placer claim adjoining the Chieftain No. 1. This was offered by appellant for the avowed purpose of showing abandonment by the locators of the Chieftain No. 1, that location being prior in point of time to the Chieftain No. 2. The argument seems to be based upon the assumption that a person or association of persons can locate only one placer claim and that the location of a second claim works a forfeiture of the first. We are unable to follow the argument. There was no conflict in area of the two claims. Counsel cite no authority in support of their position, except Brown v. Gurney, 201 U. S. 184, which, it will be seen from an examination of the case, has no application. The mere location of a second placer claim bears no such relation to the first location, under the facts in this case, as to be relevant to the question of abandonment. Besides, there is no limit to the number of claims which may be located by one person or association of persons. I Lindley on Mines, sec. 450. The location notice was, therefore, properly excluded.

3. The eighth assignment is directed to the action of the court in permitting reply to be filed to the answer during the progress of the trial. The complaint pleaded a location of the Chieftain No. 1 placer claim. The answer denied the validity of the Chieftain No. 1 location and pleaded a valid location of the Excel Placer Claim, under which appellants claimed. The proof tendered by appellants went into detail upon both points and shows that

appellants either assumed that the allegations in the answer were put in issue without reply, or, at least, appellants were in no way surprised by the filing of the reply. No reliance by appellants was put upon the manner of replying and the consequent admission of the allegations of the answer. The reply simply denied rightful possession and ownership in the appellants, as alleged in the answer. No claim of surprise was made to the court and no application for continuance was presented. Under such circumstances we cannot understand how appellants were prejudiced or can complain of the action of the court.

4. Complaint is made in the ninth assignment of the court's fifth charge to the jury in which he instructed them that monuments found upon the ground at the corners of a placer claim may be adopted by the locator as his own and will meet the requirements of marking on the ground by substantial monuments. Appellants complain of the instruction on two grounds. They first say that it contains an erroneous assumption of facts as to the existence of such monuments. The instruction, however, contains no assumption of fact whatever and is an abstract statement of the law without any specific application to the facts in the case on trial. That the instruction was applicable to the case is perfectly apparent from an inspection of the testimony in which the existence of such monuments is mentioned. Further objection is made to the instruction because of the principle announced that monuments found on the ground may be adopted by the locator. No authority is cited in support of the contention and the same is so contrary to the uniform current of authority as to require no discussion.

5. In the tenth assignment it is urged that because when the Chieftain No. 1 was located a portion of the ground was being worked by other persons, the location was therefore unwarranted. The principle that no valid location can be made of land in the actual adverse possession of another is invoked and the principle is not disputed by counsel for appellee. It does not appear, however, that the entry was by way of intrusion upon

the actual possession of another. Who and what these persons were who were working the ground, whether they made any claim to the same or had any rights therein, does not appear. The location of appellants bears no relation to them or other persons on the ground, so far as appears. Under such circumstances the principle invoked can have no application.

6. A sufficient answer to the twelfth assignment to the effect that the court erred in refusing to give requested instruction No. 5 requiring the jury to find that all the formalities of law had been complied with in regard to the organization of the appellee corporation, is to say that even if proof of the corporate existence was necessary after plea to the merits, the articles of incorporation were introduced in evidence and the pleadings in no way put in issue the question of subsequent publication of the articles and return of proof to the Secretary of the Territory. This disposes of all of the contentions of appellants.

7. Appellee, upon its cross-appeal, complains of the rulings and instructions of the court which permitted appellants to submit to the jury the question as to whether two of the locators of the Chieftain No. 1 placer claim, under which appellee claims, were not mere accommodation locators having no interest in the location and conveying without consideration to the appellee. The objection is based upon two grounds. First, it is urged that such an issue is not within the pleadings and, second, that the fact, if true, of the use of two persons as "dummies" in the location of the Chieftain No. 1 is not available to appellants and is a matter in which the government alone is interested and of which it alone can take advantage. Appellants seek to justify the action of the court in submitting the question to the jury upon the authority of Durant v. Corbin, 94 Fed. 382; Gird v. Cal. Oil Co., 60 Fed. 531; and Mitchel v. Cline, 24 Pac. 164. In the first two cases there was an application for patent and the actions were in support of adverse claims. This fact, doubtless, was overlooked by the trial court and the distinction between that class of cases and ordinary contests between

individuals was overlooked. The case of Mitchell v. Cline, supra, was a case where, after patent, a suit for partition was instituted and it was sought to charge one of the entrymen as trustee for the benefit of the others as to a portion of the title. The court held that as all of the entrymen had perpetrated a fraud upon the government by the use of "dummies" in making the location, a court of equity would refuse relief and would leave the parties where it found them, all in accordance with a well recognized equitable principle. This case, as well as the case of Gird v. Cal. Oil Co., supra, and many other cases, point out that the fraud of locating by means of "dummies" is a fraud upon the government and not upon the citizen who might wish to locate. The fraud, being a fraud upon the government, it would seem clear that the government alone can complain. 1 Lindley on Mines, sec. 450. The question as to how advantage can be taken of the disqualification of a locator has often arisen in connection with locations by aliens. Some earlier cases admitted the relevancy of the question of citizenship, but the law has been finally settled that the government alone is concerned and the same is not relevant in a contest between individuals except in adverse proceedings wherein the government is a silent party. I Lindley on Mines, sec. 234; McKinley Creek Mining Co. v. Alaska U. S. Co., 183 U. S. 563; Formanses v. Melsing, 109 Fed. 710; Wilson v. Triumph Co., 75 Am. St. Rep. 718. It follows that the trial court was in error in submitting to the jury the question of the qualification of the locators of the Chieftain No. 1.

Appellee moved for judgment non obstante veridicto, which should have been granted. This court, however, has the power to enter judgment and the same will now be entered for the possession of all of the Chieftain No. 1 placer mining claim as described in the record. And it is so ordered.

Roberts, A. J., not having heard the argument did not participate.