(No. 6961. March 24, 1942.)

W. C. BRASSEY, Respondent, v. FRED T. PECK and ANNE PECK, husband and wife, Appellants.

(123 Pac. (2d) 1014)

610

Claude V. Marcus and Hawley & Hawley for Appellants.

J. B. Eldridge for respondent.

HOLDEN, J.—March 19, 1940, W. C. Brassey, in his own name and in the names of Eric Dokka, Mary J. Brassey, John Dokka, Henrietta R. Penrod, George Stiles, Joe Ellis and Jane Ellis, with the knowledge and consent of all except Henrietta R. Penrod, located certain placer mining ground situate in the Placerville mining District of Boise County, Idaho, called the Lux Claim; and on the same day W. C. Brassey and his wife, Mary J. Brassey, located other placer mining ground situate in the same mining district and called the Lux No. 2. Thereafter to-wit, March 21 and March 22, 1940, Fred T. Peck and Anne Peck, his wife, made an attempted location of the same placer ground, with the exception of forty acres not involved in this litigation. August 9, 1940, the above named locators of the Lux group by quitclaim deed conveyed to Brassey all their right, title and interest in or to that group. October 19, 1940, Brassey commenced this suit to quiet title to the Lux and Lux No. 2 groups. Fred T. Peck and his wife, Anne Peck, answered and filed a cross-complaint. By their cross-complaint they sought to quiet title to the placer mining ground covered by the Lux and Lux No. 2 groups, with the above exception. The main controversy and cross-suit were tried April 18, 1941, upon the Brassey complaint and the Peck answer thereto, and the Peck cross-complaint and the Brassey answer thereto. May 6, 1941, findings of fact and conclusions of law in favor of plaintiff and against cross-complainants were made and filed and on the same day a decree was entered thereon quieting plaintiff's title to the placer mining ground in question. May 7, 1941, the Pecks made a motion for a new trial. June 4, 1941, the motion was denied. July 30, 1941, they appealed from both the order and the decree. Appellants specify the following alleged errors:

1. "The court erred in holding that respondent had valid title to the Lux claim heretofore mentioned for the reason that this location was invalid as to the respondent

because of his unauthorized use of the dummy locator, Henrietta R. Penrod.

2. "The court erred in granting respondent's motion to strike appellants' location notices in view of the fact that the stipulation interdicted any objection respondent might have had to the court receiving the location notices in evidence.

3. "The court erred in holding that the affidavits on appellants' location notices were improperly made, thus rendering the location notices void and of no effect."

It will not be necessary to consider or determine the second and third assignments of error if the question presented by the first assignment cannot be raised in this suit.

The fact, even though true, that a "dummy" is used in the location of a mining claim, is not available to a private litigant, and is "a matter in which the government alone is interested, and of which it alone can take advantage. . . .*the law has been finally settled that the government alone is concerned, and the same is not relevant in a contest between individuals, except in adverse proceedings, wherein the government is a silent party.*" (Emphasis ours.) *Riverside Sand and Cement Mfg. Co. v. Hardwick,* 16 N. M. 479, 120 P. 323; 1 Lindlay on Mines, par. 234; *McKinley Creek Mining Co. v. Alaska United Mining Co.,* 183 U. S. 563, 22 Sup. Ct. 84, 46 L. Ed. 331; *Tornanses v. Melsing,* 109 Fed. 710, 47 C. C. A. 596; *Wilson v. Triumph Consolidated Mining Co.,* 19 Utah 66, 56 P. 300, 75 Am. St. Rep. 718.

Moreover, in *Dunlap v. Pattison,* 4 Idaho 473, 476, 42 P. 504, this court held that "a person may locate a mining claim in the name of himself and others named in the notice of location, and, when so located, title will be good in the others not present and having no notice of the location," following the holding in the early case of *Morton v. Solambo Copper Mining Co.,* 26 Cal. 527.

Finally, there is no evidence in the record indicating that respondent acted in bad faith or with intent to defraud in adding the name of Henrietta R. Penrod to the other locators of the Lux group; and the location of

that group and "Lux No. 2" being prior to appellants', and valid, it follows the judgment appealed from must be affirmed, and it is so ordered, with costs to respondent.

Givens, C.J., Budge, Morgan, and Ailshie, JJ., concur.