WASHINGTON and another vs. THE STATE.

Where several persons are jointly indicted and tried, *each* is entitled to four peremptory challenges, under the statute. R. S., chap. 179, sec. 3.

ERROR to the Circuit Court for *Dodge* County.

The case is stated by the court. That part of the record of the trial which relates to the peremptory challenges, is as follows : "The list of jurors called was submitted to the counsel for said defendants, for the exercise of the right of challenge ; and thereupon said defendants, by their counsel, challenged one of said jurors so called as aforesaid, peremptorily, whose place was immediately supplied in the panel by another juror being called, which process was continued until said de-

fendants, by their counsel, had challenged four jurors peremptorily ; and thereupon the counsel for said defendants claimed the right and proposed to proceed with the peremptory challenges in behalf of said defendants to the extent of four more, claiming in behalf of each of said defendants the right" &c.

*H. Barber, Jr.,* for the plaintiff in error.

*The Attorney General,* for the state.

*By the Court,* COLE, J.   The plaintiffs in error were jointly indicted for larceny, and were jointly tried at the March term of the circuit court for Dodge county, 1862.   It appears that on impanneling the jury, twelve jurors were called, who were acceptable to the prosecution.   On submitting the list to the counsel for the plaintiffs in error, he peremptorily challenged one juror, whose place was supplied in the panel by another juror, and this process was continued until four peremptory challenges were made.   The same counsel then claimed the right of four more peremptory challenges on behalf of the defendants, on the ground that the statute secured to each the right to challenge four.   This right was denied by the circuit court, and an exception was duly taken to the ruling upon the point.   The question is, Was the ruling of the circuit court in accordance with the statute ?   We think not.

Section 3, chap. 179, R. S., reads as follows :   " Every person indicted for an offense which is not punishable by imprisonment for life, shall, when the jury is impanneled for his trial, be entitled to challenge peremptorily four of said jurors and no more, and the district attorney shall be entitled to the same number of challenges."

The language " *every person* " shows that each individual defendant separately considered is entitled to the four peremptory challenges.   This is the grammatical construction of the language, and we have no doubt that it is the proper exposition of the statute.   In the case of *Schoeffler v. The State,* 3 Wis., 823, the court held that upon the trial of indictments for a

capital offense, where there were more than one defendant, each defendant was entitled to challenge twenty-four jurors peremptorily.    P. 838.    The language of the statute was, "*any person,*" &c., put on trial for a capital offense, should be allowed to challenge peremptorily twenty-four persons.    It is true the precise point before the court was, whether in such. a case the state was entitled to more than six peremptory challenges, because more than one person was included in the indictment.    And the point was ruled in the negative.    But we think the observation made by Justice SMITH, that each defendant was entitled to challenge twenty-four jurors, was strictly in accordance with the intent and meaning of the statute.

It is claimed that the four peremptory challenges made by the counsel for the defendants below should be taken and deemed to be a joint challenge, or a challenge by each defendant separately considered.    But this would be an unwarrantable presumption from the record.    There is nothing to show that each defendant objected to the same juror.    Nor is it reasonable to suppose that when a juror was peremptorily challenged by one defendant, the other would object to him likewise.    This is not rational.    Nor do we think the counsel, when he exercised the right of challenge, should state that it was done in behalf of this or the other defendant, on peril of its being considered a joint challenge on behalf of all.    As a general rule, persons on trial for a felony are not deemed to waive rights secured to them.    And they certainly ought not to be held to have waived a valuable right without some evidence of the fact.

The objection that it does not appear that the defendants were prevented from exercising the right of peremptory challenge, is not sustained by the record.

The judgment of the circuit court must be reversed, and a new trial ordered.