<hr />

TERRY and others vs. CHANDLER and others.

*Costs—How far separate bills may be taxed by different defendants in the same suit. Trial fees — Appeal, one or more?*

1. An action by creditors of a bank against the stockholders to enforce their personal liability (*Coleman v. White*, 14 Wis. 700) was discontinued ; and defendants, who had filed separate answers by the same attorney (the issue presented in each being as to the amount due the bank from the person answering), each taxed in his favor a full bill of costs.   *Held,* that only a *single* motion for retaxation was required, and a *single* appeal from an order denying the motion.

2. In such actions, so far as the separate interests of the defendants require separate proceedings, each may tax separately therefor ; but in other respects the proceedings are to be regarded as joint, and the costs taxable but once.

3. In this case, each defendant is entitled to costs for his answer, affidavit of disbursements, and retainer (PAINE, J., doubting as to the last item) ; but costs for the brief, the judgment, the order therefor, the term fees, and the taxation itself, should be taxed but once.

4. Trial fees are not taxable, where suit has been discontinued without trial.

APPEAL from the Circuit Court for *Fond du Lac* County.

*Hopkins & Foote*, for appellants, contended that but one bill of costs can be taxed where several defendants appear by the same attorney, unless it clearly appears that it was necessary to interpose separate answers setting up different defenses ; and in such case costs can only be taxed for drawing such answers and copies.   *Castellanos v. Beauville*, 2 Sandf. 670 ; *Tracy v.*

*Stone*, 5 How. 104; *Braden v. Kakhaiser*, 3 Sandf. 760; *Brockway v. Jewett*, 16 Barb. 590; *Meagher v. Bachelder*, 6 Mass. 444; *Ward v. Johnson*, 13 Mass. 148; *Bailey v. Johnson*, 1 Daly, 61; *Hall v. Lindo*, 8 Abb. Pr. 341; *Wendell v. Lewis*, 8 Paige, 614. Term fees and trial fees should certainly have been stricken out of all the bills but one; and indeed no trial fee should have been taxed, there having been no trial. R. S. chap. 133, § 41; *Putnam v. Rice*, 7 Paige, 42. Even if defendants were entitled to separate bills, they should have been taxed at the same time, and but one judgment entered. *Tenbroeck v. Paige*, 6 Hill, 267; *Albany, etc., R. R. Co. v. Cady*, id. 265; *Webb v. Bulger*, 4 Hill, 588.

*E. S. Bragg*, for respondents, argued that the several judgments complained of by the appellant, even if irregular, were not reviewable on one motion or on one appeal; that the defendants having properly appeared by separate answers, raising separate issues, separate judgments must have been entered if the action had come to trial on its merits; and it was proper, therefore, and agreeable to practice, as well as within the sound discretion of the court, that the defendants should be allowed to tax full separate bills of costs. 3 Term, 654; 6 id. 599; 1 Abb. Pr. 63; 2 id. 460, note; 1 Hill, 359; 4 id. 538; 2 Barb. Ch. Pr. 321; 31 E. C. L. 317; 1 Cow. 233; R. S. ch. 133, § 41.

PAINE, J. This action was brought by the plaintiffs as creditors of the Bank of Fond du Lac, against the defendants as stockholders, in pursuance of the practice sustained by this court in *Coleman v. White*, 14 Wis. 700. The suit was discontinued, and the respondents, who had appeared separately, though by the same attorney, and filed separate answers, each taxed in his favor a full bill of costs, before the clerk. It appears by the record that the plaintiffs' attorney filed specific objections to the taxation of certain items more than once, and

afterward moved for a retaxation before the court, which was refused; and from that order this appeal is taken.

The respondents' counsel suggested that the appeal should be dismissed. He says there were four separate judgments, and that the motion for a retaxation combined them all in one, whereas he claims there should have been separate motions and separate appeals. But this position cannot be sustained. It will be seen, by reference to the opinion in *Coleman v. White*, that one of the principal reasons for adopting the practice there established was, to prevent a multiplicity of suits, and enable the rights of all the parties concerned to be adjusted "in a single suit." If, therefore, whenever the stockholders should appear and answer separately, the effect would be to sever the proceedings and divide the suit into as many suits as there were separate answers, the object of sustaining the equitable jurisdiction over the matter would be entirely defeated, and the plaintiffs might as well be required to bring separate suits in the first instance. It frequently happens that in equitable suits the interests of the defendants are separate; yet this never operates to sever the suit, but the final decree adjusts the rights of all the parties, no matter how various or complicated, and yet it constitutes but the judgment in a single suit. It follows that the plaintiffs were at liberty to unite, in one motion and in one appeal, the various portions to which they object.

But this capacity of a court of equity to adapt itself, by the flexibility of its proceedings, to the adjustment of the varied and conflicting rights and interests of numerous parties, extends as well to questions of costs as to the very merits of the controversy. It takes notice, therefore, of the fact that the defendants may have separate rights as to costs, and adjusts these upon equitable principles. In such cases, where the interests of the defendants are separate, so as necessarily to require separate proceedings by each, to some extent in his own behalf, the true rule would seem to be, that each should be

allowed to tax separately for these separate proceedings, but beyond this the proceedings are to be regarded as joint, and no items are taxable but once.

To apply this rule to this case, we agree with the respondents' counsel that the defendants very properly put in separate answers. The question as to each stockholder was as to the amount of his stock, and the amount unpaid, if any. And it is obvious that this question as to either one had no natural connection with the same question as to any other. The issues were essentially distinct in their character. Each, therefore, should be allowed to tax for his separate answer, although they all appeared by the same attorney. The latter circumstance should have no controlling force in determining the question. The real point is, whether the services were necessarily separate. If so, they are as properly taxable, though rendered by one attorney, as they would have been if rendered by different ones.

But so far as one proceeding could properly serve for all the defendants, they are to be regarded as joint, and the items are to be taxed but once, although the papers may be more voluminous in consequence of the number of the parties, and their various interests, than they would be in ordinary suits. This rule is applicable to the brief, the judgment, the motion for judgment and the proceedings to tax costs, with the exception of the affidavits for disbursements, which each defendant might make, as to his own.

I think, also, those general fees which the statute gives without reference to any specific actual services, can be taxed but once in the suit, and that this applies to the term fees. The general rule is, that the suit is one suit for all purposes, and the costs are to be taxed but once. The exception is founded upon separate services necessary for defendants whose interests are separate. My brethren think the retaining fee falls within the exception, though I should doubt whether it did not come within the general rule.

There was no trial, the suit having been discontinued before trial, and therefore no trial fee could be taxed.

*By the Court.* — The order appealed from is reversed, with costs, and the cause remanded with directions to retax the costs according to this opinion.