HUNDHAUSEN, Respondent, vs. ATKINS, imp., Appellant.

PEREMPTORY CHALLENGES IN CIVIL ACTIONS.   (1) *Rights of defendants with several defenses.*   (2) *Rights of plaintiff.*

1. In a civil action where there are several defendants, or several groups of defendants, whose defenses are essentially different, so that they must necessarily sever in their answers, each having a distinct issue to maintain, each is to be considered as a "party," entitled to three peremptory challenges, within the meaning of sec. 37, ch. 118, R. S. Otherwise, where all the defendants have only a common defense, though they answer severally.
2. The plaintiff who has brought his action against several defendants jointly, is limited to three peremptory challenges.

APPEAL from the Circuit Court for *Milwaukee* County.

The decision of this court on the appeal of the plaintiff in this case will be found *ante,* pp. 29–41.   The only further ques-tion raised by the cross appeal of *Atkins,* and here considered by the court, relates to the rights of the parties in respect to peremptory challenges.   The facts upon which that question arose, will sufficiently appear from the opinion.

*Cottrill & Cary*, for appellant, contended that the court erred in refusing the three separate peremptory challenges asked by each defendant; that under the circumstances two separate trials would have been proper, under sec. 29, ch. 132, R. S., but appellant's request for a separate trial was denied ; and that it was apparent from the pleadings, and became more apparent at every step of the litigation, both at the circuit and in this court, that there were three distinct " parties," within the meaning of sec. 37, ch. 118; R. S., which provides that on the trial of any civil cause, " *each party* shall be entitled to three peremptory challenges." *Schoeffler v. The State*, 3 Wis., 837 ; *Washington v. The State*, 17, id., 147 ; ch. 318, Laws of 1874.

*Cotzhausen, Sylvester & Scheiber*, for respondent.

RYAN, C. J. This appeal ought to have been heard and decided with the cross appeal of the present respondent, argued and decided at the last term. Hereafter, when cross appeals are pending together, neither will be decided until both shall have been heard.

We see no reason now to modify the views expressed in passing on the respondent's appeal in this cause. *Hundhausen v. Atkins, ante*, p. 29.

The judgment of the court below was then reversed on the exceptions of the present respondent. But the question remains, whether the present appellant was also entitled to a reversal of the judgment on his exceptions. This is not altogether a question of costs ; for one of the appellant's exceptions presents a question interesting in itself and important on a new trial of the issues in the cause.

The defendants below appeared by different attorneys, and severed in their defenses ; both denying the respondent's right to recover, but each setting up a separate defense for himself, tending, if the plaintiff should recover, to shift the liability from himself and to fasten it on his codefendant.

These issues were tried together before a jury. At the time

of impaneling the jury, each of the defendants insisted on his separate right to three peremptory challenges, under sec. 37, ch. 118, R. S., providing that in civil causes each *party* shall be entitled to that number. This was denied by the court below, which confined the defense, including both defendants, to three challenges.

This ruling is understood to rest upon the use of the word "party," in the section, perhaps in view of the definition in sec. 9, ch. 122, R. S.; and on the distinction between the word "party," used in giving challenges in civil causes, and the word "person," used in giving challenges in criminal cases. *Washington v. State*, 17 Wis., 147.

But we think this too narrow a construction. Undoubtedly when several defendants in a civil action join in their defense, or, severing in their answers, set out but one defense, common to them all, they constitute one party, limited to the statutory number of challenges given to a party, as ruled in this cause in the court below. In such a case, they might and perhaps ought to join in one answer, setting up the common defense; and they should not be permitted to gain additional challenges by the mere act of severing in their pleadings. They have a community of interests, and should be left to a community of challenges. But when their defenses are essentially different, especially when these are hostile, defendants must necessarily sever in their answers; and as each has a distinct issue to maintain, we think that each is to be considered a party, within the meaning of sec. 37, ch. 118. We cannot think that this view does any violence to the letter or spirit of sec. 9, ch. 122. And we fail to perceive how the merciful consideration of the statute giving separate challenges to each person prosecuted for crime bears upon the construction of the party to whom challenges are confined in civil cases. It was certainly not the intention of the statute to give separate challenges to each defendant in civil cases, as in criminal; in those it is limited to

each party ; but the question remains, who constitute the party to which they are given.

And we think that it would be unjust, and a violation of the spirit of the statute, to hold defendants, with no community of interest in their separate defenses, to a community of challenges. Jurors desirable to one might well be objectionable to another; and perhaps as little accord could be looked for in their challenges as in those of plaintiff and defendant. It is a safe construction of the statute to give the right to each distinct interest in litigation. This court has already held defendants claiming different interests to be separate parties in equitable proceedings (*Terry v. Chandler*, 23 Wis., 456); and we see no good reason why the same rule should not apply to actions at law, "where," in the words of PAINE, J., in that case, "the interests of the defendants are separate, so as necessarily to require separate proceedings by each, to some extent, on his own behalf." In such cases, we hold each defendant or group of defendants, separately defending, on substantially distinct defenses, to be a party entitled to the three statutory challenges.

It is perhaps proper to add that the plaintiff, in such a case, having brought his joint action against all the defendants, is limited to the statutory number of challenges for one party. *Schoeffler v. State*, 3 Wis., 823.

It follows that the present appellant is entitled to a reversal of the judgment against him, as was the present respondent on his appeal heard and decided at the last term: the record being still in this court. Judgment of reversal with costs on this appeal will be entered, having proper reference to the former reversal.

*By the Court.* — It is so ordered.