W. T. BRYAN v. W. D. HARRISON and others.

*Evidence — Judge's Charge — Challenges to Jury.*

1. What is meant by the word "dollar" in a note can be shown by *parol* evidence.

2. A general exception to the whole instruction of the Court below must be overruled if any part of it is right.

3. Whether there are one or more plaintiffs or defendants, only four peremptory challenges to the jury on either side are allowable.

CIVIL ACTION, to recover the Value of a Note given by defendant on the 10th day of September, 1862, tried at Spring Term, 1876, of NASH Superior Court, before *Watts, J.*

It was in evidence that in January, 1862, the plaintiff W. T. Bryan sold to one John W. Earl a tract of land for $3,300 under a verbal contract that Earl was to pay for the same in cotton at ten cents a pound (so far as the amount he had on hand would go) and the balance in good notes. The amount of cotton was estimated at thirty bales and the price at ten cents a pound in gold. Confederate money had not circulated in the vicinity in which the parties lived up to the time of the contract. Earl did not deliver the cotton at all but held it in his possession until the price advanced to fifteen cents a pound and sold it at that price.

Earl did not execute any note at the time the contract was made, but in September, 1862, he paid Bryan $300 in Confederate money on account of the profit made by the sale of the cotton and also executed two notes—one for $2,100 and the other for $1,200—with defendants as sureties. The $1,200 note is the subject of this action and was given in confirmation of the sale of January, 1862, the land being the consideration.

The defendants knew the terms of the sale before they signed said note. Nothing was said about the currency in which the money was to be paid but Bryan further testified

that he did not sell for Confederate money and that he told the defendants Harrison and Stallings what the consideration was, viz ; the tract of land, for which no deed was executed until September, 1862. Earl failed to comply with the terms of the contract and refused to yield to the demand of Bryan for possession.

The defendants objected to the evidence relating to the consideration of the contract of January, and as to whether the notes given in September were in confirmation of said contract and as to the value of the cotton in gold in January, 1862, and also because only four peremptory challenges were allowed both defendants. Under the instructions of the Court the jury found the following under the issues submitted

*Findings of the Jury ;*

1. The plaintiff and Earl intended that the contract of January should be discharged in notes and cotton at gold prices.

2. The notes given in September, 1862, were in substitution for and confirmation of the contract of January, 1862.

3. In January, 1862, the cotton was worth ten cents per pound.

4. The note sued on, according to the agreement between the parties, was payable in gold or specie or its equivalent.

Verdict for plaintiff for $1,200 with interest from January 1st, 1862. Judgment. Appeal by defendants.

*Messrs. Moore & Gatling,* for plaintiff.
*Mr. J. B. Batchelor,* for defendants.

RODMAN, J. 1. Parol evidence was admissible to ascertain what the parties meant by the word "dollar" in the note sued on.

The plaintiff was a competent witness.

It is objected here however that some portions of his evidence must have been rather his conclusions from facts than the facts themselves. Conceding that this appears to be so, as his evidence is presented in the case which does not profess to set out his evidence in *hœc verba*, yet it does not appear that any such objection was made at the trial.

We must presume either that the Judge in stating the case has given merely the substance and result of the evidence, instead of giving it in the words of the witness; or that if objection had been made at the time on the ground now assigned, the Judge would have stricken out the objectionable expressions, and confined the witness to what were strictly the facts. The defendant had the opportunity on cross-examination to bring out the facts apart from any opinion of the witness as to their legal effect. So that the jury could not have been misled except by his omission to do so.

2. No particular instruction of the Judge is excepted to as being erroneous and it is a familiar rule that a general exception to the whole instruction must be overruled if any part of it is right.

It seems to us however that the issue as to what sort of dollars was meant by the parties was fairly submitted to the jury and that there is nothing in the charge of the Judge calculated to mislead them.

3. There were two defendants and the Judge allowed to them both four peremptory challenges only.

We think this is the true construction of R. C. ch. 31, § 35, to be found in the addenda to Bat. Rev. p. 861, § 229. a. It says "the parties or their counsel for them may challenge peremptorily four jurors upon the said panel." That is to say the party plaintiff whether consisting of one person or of several may challenge four and the party defendant whether

consisting of one or several persons may challenge four. Such has been the uniform construction in the experience of all of us.

PER CURIAM.                               Judgment affirmed.