94 621
97 599

W. F. Cleveland v. James Atkinson, *et al.*, Appellants.

**Practice:** JOINT CHALLENGE. Code, 2768, provides that joint parties cannot sever challenges. There was a judgment against two and in favor of a third defendant. A new trial was granted the two losers. They challenged a juror. It was overruled because the third defendant did not join. At this time the record, which was in considerable confusion, presented no claim of former adjudication and did not show any as to said defendant. Later a *nunc pro tunc* order was made establishing said adjudication. *Held*, that the ruling on the challenge will not be interfered with, especially as all the evidence is not up.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

MONDAY, MAY 20, 1895.

Action at law against Thomas J. Ryan and James Atkinson to recover the amount alleged to be due on a promissory note. William Manatt intervened, and claims to be the owner of the note. There was a trial by jury, and a verdict for the plaintiff, on which judgment was rendered against Atkinson for the amount of the note. Atkinson and Manatt appeal.—*Affirmed.*

*Benjamin & Preston* and *Foss & Stuart* for appellants.

No argument for appellee.

Robinson, J.—In October, 1878, the defendants, Ryan and Atkinson, made their promissory note for the sum of eighty dollars, payable to Sterling & Talbot on or before the first day of April, 1879. The petition alleges that the note is owned by the plaintiff, and is wholly unpaid. The answer for Atkinson admits the

making of the note, and alleges that he signed it as surety for Ryan; that in October, 1887, it was owned by Manatt, and was in the Shelby County Bank, at Harlan, for collection; that, in the month specified, Ryan paid to the Shelby County Bank, in satisfaction of the note, the full amount due thereon. As a second defense, Atkinson alleges that in January, 1887, Manatt owned the note, and intrusted it to the First National Bank of Brooklyn, Iowa, for collection; that for the purpose of making the collection the First National bank transmitted the note to the Shelby County Bank, with directions to collect it and transmit the proceeds; that in October, 1887, the Shelby County Bank, disregarding its duties and exceeding its authority, undertook to sell the note, and did deliver it to the plaintiff, but that it did not have authority to do so; and that the note is now owned by Manatt. The averments of the answer of Atkinson, pleading a second defense, are repeated in substance in the petition of intervention, which demands judgment for the return of the note. The answer of Ryan to the petition of the plaintiff admits the making of the note, but avers that he signed it as surety for Atkinson, and asks that it be so adjudged. He also alleges that the note has been paid. In his answer to the petition of intervention, Ryan alleges his suretyship, denies that Manatt is the owner of the note, and avers that it has been paid. The pleadings to which we have referred were filed in October and November, 1887. In an amendment filed by Ryan on the third day of September, 1891, he denies that Atkinson was surety on the note, and alleges that at the October term, 1888, of the court, this cause was fully heard and determined, and all matters at issue between him and the other parties to the action were fully adjudicated, and that on that trial it was found and determined by the jury that, as between Atkinson and

himself, he was surety on the note. On the same day, Ryan also filed a motion for a *nunc pro tunc* order to correct the record, and cause it to show that on the fifth day of October, 1888, in the trial of this cause, the jury found specially that, as between Atkinson and Ryan, the latter was surety on the note. The motion was sustained. On the next day the plaintiff filed an amendment to his answer to the petition of intervention, in which he alleges that the intervener is not the real party in interest, and that after the sale of the note to the plaintiff the intervener received the money paid for it by the plaintiff, and, with full knowledge of the facts, acquiesced in and ratified the sale. It now appears that there was a trial of this cause in October, 1888, which resulted in a verdict for the plaintiff, and that the verdict was set aside, and a new trial granted as to Atkinson and the intervener, but that no application for a new trial was made by Ryan, and that, as between him and the plaintiff, the result of the first trial was final. A second trial was had in September, 1891, which resulted in a verdict against both Atkinson and Manatt, and a judgment in favor of the plaintiff against Atkinson for the amount of the note.

I. While the jury was being empaneled on the second trial, Atkinson, separately, and with the concurrence of Manatt, peremptorily challenged a juror named Green. Ryan did not join in the challenge, and the court overruled it, and the correctness of that ruling is the chief question presented to us for our determination. It arises under section 2763 of the Code, which is as follows: "Where there are several parties plaintiffs or defendants and no separate trial is allowed, they are not allowed to sever their challenges, but must join in them." If it be true that when the challenges were made the record showed

that the issues had been fully determined, as between the plaintiff and Ryan, then it may be that the latter had ceased to be a party defendant, within the meaning of the section quoted. But the impaneling of the jury was commenced and rulings on the challenges, of which complaint is made, were made, on the second day of September, 1891, before any of the pleadings filed at that term had been placed on file. So far as we can determine from the abstracts submitted to us, when the challenges were made and overruled the record of the case did not show the first trial, nor did it show the special findings of the jury that Ryan was a surety, only, on the note. The claim of a former adjudication was first made on the next day, when Ryan filed an amendment to his answer, and a motion for a *nunc pro tunc* order. It is true that the court charged the jury that the issues between the plaintiff and Ryan were fully determined in a former trial, but that fact appeared by the admission of the parties and the evidence, after the jury was impaneled. The record shows that there was controversy between opposing attorneys during the trial in regard to the action of the court on the first trial. At one stage of the proceedings the court declared that it "did not know what the record shows; half of the record is lost." The abstract of the appellants alleges that the cause was tried to a jury in October, 1888; that a verdict was rendered in favor of the plaintiff, and against the defendants, for two hundred dollars and forty-two cents, and that Atkinson and Manatt filed a motion for a new trial, which was sustained. But the appellee has filed an additional abstract, in which he denies that the matters were "introduced in this action," or that they are any part of the record in this case. The additional abstract also denies that the appellants' abstract contains all the evidence offered, and avers that the

two abstracts, taken together, do not contain all the evidence submitted on the trial. This averment is not denied by the appellants, and must be taken as true. *Goode v. Stearns*, 82 Iowa, 710. Ordinarily, a court will take notice of what has been done by it, or in its presence, and evidence of the result of one trial is not required in a subsequent one. Notice of that result will be taken by the court. But there appears to have been much confusion in this case. The records were imperfect. Claims were made by parties in regard to what had been done, which were afterwards modified or abandoned, and what was done is uncertain. When the jury was impaneled the record did not show any trial of the cause, and, in view of the fact that all the evidence is not before us, we are of the opinion that the judgment of the district court should not be disturbed for its rulings on the challenges in question. We reach this conclusion with less reluctance than we otherwise should for the reason that the record, as submitted, satisfies us that the defense of Atkinson is without merit, and that the intervener is making a claim nominally for himself, but that he has no real interest in the case, and has appeared in it only for the benefit of Atkinson.

II. The appellants complain that an attorney for Ryan was permitted to make an opening statement to the jury, and also to make an argument to it on the final submission. What was said by the attorney in the statement and argument is not shown. In view of the condition of the record to which we have referred, we cannot presume that his remarks were prejudicial. Upon a consideration of the entire record, we reach the conclusion that the judgment of the district court is not shown to be erroneous, and it is therefore *affirmed*.