[No. 6002. Decided March 5, 1906.]

THE CITY OF SEATTLE, *Respondent,* v. F. C. PARK *et al.,*
*Appellants.*[1]

EMINENT DOMAIN — PLEADINGS — ANSWER — STRIKING—HARMLESS
ERROR. Upon a condemnation proceeding by a city to condemn prop-
erty for widening and extending a street, under Laws 1905, p. 84, it
is error to strike out a cross-petition of certain defendants setting
up a leasehold interest in a building upon the property; but the
same does not amount to reversible error where there were conflict-
ing interests in the property and where the court proceeded in ac-
cordance with section 13 of the above mentioned statute to ascertain
the total damage, leaving the distribution of the damages among the
claimants of the several interests to be afterwards determined.

SAME — TRIAL — SEPARATE FINDINGS — ISSUE AS TO TITLE OF DE-
FENDANTS. Under Laws 1905, p. 84, § 8, providing that the jury shall
ascertain the compensation to be paid to all persons claiming any
interest in the land, does not relate to cases where there is doubt or
contest as to such ownership, in view of § 13, providing that in such
case the proceeding shall not be delayed; and the court may require
the jury to ascertain the entire compensation, and adverse claimants
to interplead, so as to fully determine the rights in the compensation
ascertained.

SAME—RECORD ON APPEAL—PRESUMPTIONS. Where the record on
an appeal does not contain the pleadings of the defendants, in a pro-
ceeding to condemn property for widening a street, under Laws 1905,
p. 84, and it appears that twelve parties were represented by counsel
at the trial, claiming interest in the property, the court may refuse
to require the jury to assess the compensation to be paid each per-
son; and in aid of a judgment it will be presumed that there was a
doubt or contest as to the ownership of the property condemned
authorizing such refusal within the meaning of § 13 of the act.

Appeal by defendants from a judgment of the superior
court for King county, Gilliam, J., entered October 16, 1905,
upon the verdict of a jury assessing the damages for the con-
demnation of property for the widening of a street, after a
trial on the merits. Affirmed.

*H. D. Moore* and *Frank C. Park,* for appellants.

*Scott Calhoun* and *Elmer E. Todd,* for respondent.

[1]Reported in 84 Pac. 644.

HADLEY, J.—This is a condemnation proceeding, instituted by the city of Seattle to condemn certain property in aid of widening and extending Western avenue, a street in said city. The property here involved is a portion of lot 12 in block G, of A. A. Denny's addition to Seattle. There is a three-story frame building upon the land. The action was brought under the law of 1905, which relates to the exercise of the right of eminent domain by cities for public purposes. Laws 1905, p. 84, ch. 55. The statutory method as to the petition and notice was followed. The defendants interested in said property entered an appearance in the action, and before the trial the defendants F. C. Park and Ada F. Brown filed a cross-petition, to the following effect: That the Pacific Coast Company is the owner of the fee of said lot, and that in October, 1901, said company executed a lease for the whole of the lot to one Kirk and wife, for a term of twenty years; that under the terms of the lease the lessees were to erect upon the lot a substantial frame or brick building, two stories in height, which building, together with all other improvements placed upon the lot, shall at the termination of the lease become the property of the lessor as a part consideration for the lease. The defendants also alleged that, in pursuance of the provisions of the lease, the said lessees and their transferees erected a three-story frame building upon the lot, to be used, and which is now used, as a hotel and lodging house; that through mesne assignments and transfers, the lease is now owned and held as follows: an undivided one-half interest by Olof Olson, and the remainder by F. C. Park and Ada F. Brown, who each own an undivided one-fourth interest, and that the same was so owned prior to the commencement of this proceeding; that by the proposed condemnation a portion of said building will be cut off and removed, thereby greatly lessening the rental and revenue receipts that can be derived therefrom; that the removal of such portion of the building will require the construction of a new front in order to make the remainder

thereof habitable, and that other necessary alterations and repairs will be required to again put the building in condition for use and occupancy. The amount of resultant damages claimed is stated, and demand is made for a separate award to the lessees to be made separate and apart from the award to the owner of the fee.

On motion of the petitioner, the court struck the cross-petition, and the cause proceeded to trial before a jury. Demand was then made by the cross-petitioners, and other claimants of interests in the property, that the jury should be required to separately award the damages to the several claimants. This was denied, and the jury were required to find only the total damage to the whole property by reason of the condemnation; thus leaving the question of the distribution of the damages among the several claimants for future adjustment. In the verdict, the jury found separate amounts as damages for the taking of the land not including the building, for the taking of the portion of the building, for damages to the remainder of the building, and for the value of the removal of the portion of the building taken. No sum was returned as damages to the remainder of the land by reason of the taking of a part, the blank provided for that purpose being left unfilled. Judgment was entered upon the jury's findings, and this appeal is from the judgment.

It is contended that the court erred in striking the cross-petition. Upon this point respondent argues that the statute does not provide for any answer or pleadings on the part of owners of interests in the property. Section 8 of the act, however, does provide that any person claiming an interest "shall file the statement of his interest in and description of the lot, parcel of land, or other property, in respect to which he claims compnesation." We think the filing of the cross-petition was in compliance with that provision, and that it was error to strike it. Whether it amounted to reversible error, in connection with the trial that was after-

wards had upon the question of damages, must be determined by what is hereinafter said.

At the trial the cross-petitioners and other claimants offered evidence upon the subject of damages to their respective interests in support of their demand for separate findings of the jury as to the damages to the several interests. This was refused, and the court's ruling in that regard is also assigned as error. Appellants urge that, under § 8 of the statute, they were entitled to introduce such evidence and to have such separate findings. The pertinent portion of the section is as follows:

"Such jury shall also ascertain the just compensation to be paid to any person claiming an interest in any lot, parcel of land, or property which may be taken or damaged by such improvement. . . ."

The above seems to support appellants' contention. Section 13 of the act, however, provides as follows:

"No delay in ascertaining the amount of compensation shall be occasioned by any doubt or contest which may arise as to the ownership of the property, or any part thereof, or as to the interests of the respective owners or claimants, but in such case the court may impanel a jury to ascertain the entire compensation or damage that should be paid for the property or part of property, and the entire interests of all the parties therein, and may require adverse claimants to interplead, so as to fully determine their rights and interests in the compensation so ascertained. And the court may make such order as may be necessary in regard to the deposit or payment of such compensation."

The action of the court in the premises was based upon § 13 above quoted. At first glance there appears to be a conflict between §§ 8 and 13, but upon closer reading we think they do not conflict. The two must be read together and harmonized if possible. In view of the provisions of § 13, we think it should be held that § 8 relates to cases where there may be separate interests in the property, but where no conflict as to the ownership of such interests exists. In

such event, the section seems to grant to the several claimants the right to have separate awards of damages by the jury at the condemnation hearing. When, however, there is any doubt or contest as to the ownership of interests in the property, § 13 clearly authorizes the court to proceed at once to ascertain the entire damage to the whole property, and may then require the adverse claimants to interplead "so as to fully determine their rights and interests in the compensation so ascertained."

The statement of facts brought here shows that the ruling of the court denying separate findings, and denying the introduction of evidence in support thereof, was for the reason that there were a number of diverse interests in the property, and that doubt existed as to the interests of the respective claimants. We find no pleadings in the record which disclose upon what the respective claims of interest are based, except as stated in the cross-petition heretofore mentioned. That alleges that the Pacific Coast Company is the owner of the fee, and that the leasehold interest is now owned by Olof Olson, F. C. Park and Ada F. Brown. The record of the trial, however, shows that twelve persons appeared at the trial, represented by counsel as apparently claiming interests in the property and in the damages resulting from the condemnation. In view of what appears in the record as to the reasons for the course taken by the court, we must therefore assume, in aid of the proceedings, that it sufficiently appeared that there was doubt as to the ownership of the respective interests, by reason of contesting and conflicting claims. The court did not, therefore, err in proceeding to cause the jury to ascertain the whole damage in the manner that it did. Section 13 plainly provides that in such a case a city shall not be delayed in the ascertainment of damages which a condemnation will cause to property by having to await the adjustment of differences between contesting claimants to conflicting interests in the property.

It will now be seen that the striking of the cross-petition was not material, so far as the trial which was had was concerned. It should, however, now be reinstated in the record as the interpleader of said cross-petitioners, pertaining to the disposition of the damages under the terms of § 13 of the statute, unless they shall desire to file a new or additional pleading.

The judgment is affirmed.

MOUNT, C. J., ROOT, DUNBAR, FULLERTON, RUDKIN, and CROW, JJ., concur.