[No. 7206.   Decided July 16, 1908.]

COLFAX NATIONAL BANK, *Respondent*, v. A. J. DAVIS *et al.*,
*Appellants.*[1]

JURORS—CHALLENGE—STATUTORY PROVISIONS.   Under Bal. Code,
§ 4979, providing that where there are several parties on either side,
they must join in a challenge to a juror, a challenge by defendants
separately appearing is properly denied where one of the defendants
refuses to join therein.

Appeal from a judgment of the superior court for Whit-
man county, Chadwick, J., entered July 3, 1907, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action on an implied contract of employment.   Affirmed.

*John Pattison*, for appellants.

*U. L. Ettinger*, and *McCroskey & Canfield*, for respondent.

RUDKIN, J.—This action was instituted by the Colfax
National Bank, against The Davis Implement Company and
A. J. Davis and I. J. Davis, to recover a balance due for ser-
vices performed and moneys paid out and expended in ex-
perting and checking up the books of account of The Davis
Implement Company, at the special instance and request of
the defendants.   The defendant The Davis Implement Com-
pany and the defendants A. J. Davis and I. J. Davis severed
in their defenses, and the case came on for trial.   During the
empanelling of the jury, the defendants A. J. Davis and I. J.
Davis interposed a peremptory challenge to one of the
jurors, but the court refused to entertain or allow the chal-
lenge unless joined in by all the defendants.   The defendant
The Davis Implement Company refused to join in the chal-
lenge and the challenge was disallowed.   The trial resulted in
a verdict and judgment for the plaintiff, and the defendants
A. J. Davis and I. J. Davis have appealed.

[1]Reported in 96 Pac. 823.

The only error assigned is the ruling of the court in disallowing the peremptory challenge. A decision of this question turns entirely upon the construction to be given Bal. Code, § 4979 (P. C. § 593), as there was no right of peremptory challenge in civil actions at common law. Section 4979 provides as follows:

"Either party may challenge the jurors, but when there are several parties on either side, they shall join in the challenge before it can be made. The challenge shall be to individual jurors, and be peremptory or for cause. Each party shall be entitled to three peremptory challenges."

This statute expressly provides that if there are several parties on either side of a controversy they must all join in the challenge, and the language is so plain and free from ambiguity that little room is left for construction. The appellants rely largely on the decisions in *Stroh v. Hinchman,* 37 Mich. 490, and *Hundhausen v. Atkins,* 36 Wis. 518. The Michigan case holds that the right of separate challenge exists in favor of each defendant who pleads separately by different counsel. The Wisconsin case holds that,

"When their defenses are essentially different, especially when these are hostile, defendants must necessarily sever in their answers; and as each has a distinct issue to maintain, we think that each is to be considered a party, within the meaning of sec. 37, ch. 118."

But even the decision in the Wisconsin case would not entitle the appellants to separate challenges under the issues here presented, for there the court said:

"Undoubtedly when several defendants in a civil action join in their defense, or, severing in their answers, set out but one defense, common to them all, they constitute one party, limited to the statutory number of challenges given to a party, as ruled in this cause in the court below. In such a case, they might and perhaps ought to join in one answer, setting up the common defense; and they should not be permitted to gain additional challenges by the mere act of

severing in their pleadings. They have a community of interests, and should be left to a community of challenges."

But the Michigan and Wisconsin statutes differ widely from our own. The former provides that, "In all civil cases each party may challenge peremptorily two jurors;" and the latter that, "On the trial of any civil cause now pending, or hereafter to be commenced in any of the circuit courts of this state, each party shall be entitled to three peremptory challenges of jurors empanelled in said cause." These statutes make no provision for joining in challenges where there are several parties on either side of the controversy, and it might be consistently held under them that each defendant appearing separately with an interest adverse to his co-defendants constitutes a party within the meaning of the statute. But the great weight of authority is against these decisions, even under similar statutes. *Schmidt v. Chicago & Northwestern R. Co.*, 83 Ill. 405; *Stone v. Segur*, 11 Allen 568; *McClay v. Worrall*, 18 Neb. 44, 24 N. W. 429; *People v. O'Laughlin*, 3 Utah 133, 1 Pac. 653; *Bibb v. Reid & Hoyt*, 3 Ala. 88; *Snodgrass v. Hunt*, 15 Ind. 274; *Sodousky v. McGee*, 4 J. J. Marsh. (Ky.) 267; *United States v. Hall*, 44 Fed. 883, 10 L. R. A. 322; *Bryan v. Harrison*, 76 N. C. 360; *Blackburn v. Hays*, 44 Tenn. 227. And where the statute requires the several parties on either side to join in the challenge, the rule allowing parties appearing separately to interpose separate challenges cannot obtain. *United States v. Alexander*, 2 Idaho 386, 17 Pac. 746; *San Luis Obispo County v. Simos* (Cal. App.), 81 Pac. 972; *Cleveland v. Atkinson*, 94 Iowa 621, 63 N. W. 465.

There is no error in the record, and the judgment is affirmed.

HADLEY, C. J., CROW, FULLERTON, and MOUNT, JJ., concur.