[No. 7477.  Decided March 19, 1909.]

## MANHATTAN BUILDING COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

EMINENT DOMAIN—PLEADINGS — ABUTTING OWNERS — CROSS-COM-PLAINT. The act, Laws of 1905, p. 84, does not require, in proceedings to condemn property for a regrade of city streets, any answer from the original parties to the suit, and a cross-complaint filed by such a party is properly struck out.

SAME—TRIAL—JURY TRIAL—REVIEW—DISCRETION. Laws 1905, p. 87, § 7, providing for separate juries to determine the damages in condemnation proceedings by a city for street purposes, if demanded, "and the court shall deem it proper," leaves it discretionary to grant separate trials, and the action of the court will be reviewed only for an abuse of discretion.

SAME—ABUSE OF DISCRETION. It is not an abuse of discretion to refuse a demand for a separate jury in such a case, asked on the ground that the jurors had, after numerous other trials, formed an opinion which it would take evidence to remove, where prejudice does not appear from the verdict returned, and the trial court had abundant opportunity to test the fairness of the jury.

SAME—JURY—CHALLENGE—JOINING IN CHALLENGE. Under Bal. Code, § 4979, providing that defendants representing different interests shall join in their peremptory challenges to jurors, an abutting owner having a separate trial in condemnation proceedings is not entitled to exercise separate challenges.

SAME—EXAMINATION OF JURY. Where a jury in condemnation proceedings is empanelled to try the whole issue of compensation to different defendants, an abutter, upon entering upon a separate trial, is not entitled to again examine a juror as to his qualifications by reason of matters occurring since the jury was empanelled, even where the party offered to show that the juror had formed opinions which it would take evidence to remove, there being no offer to show disqualifications by extrinsic evidence.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Error in commenting on the evidence is waived if not excepted to.

TRIAL—MISCONDUCT OF JUDGE—COMMENTS ON EVIDENCE. Comment on rejected evidence is not unlawful comment on the evidence.

EVIDENCE—EXPERTS—QUALIFICATIONS. In condemnation proceedings of a leasehold interest for a regrade of streets, a witness is qualified as an expert where he says he is familiar with the effect

[1]Reported in 100 Pac. 330.

of the improvement on rental values, although he at first stated he was not familiar with its effect on the market value of leasehold interests.

APPEAL—HARMLESS ERROR—EMINENT DOMAIN—PROCEEDINGS—EVIDENCE. Upon condemnation of leasehold interests for a regrade of streets, it is not reversible error to allow a witness to answer the question "and you did not include the filling in of the back yard simply to have something to do."

SAME. In such a case it is not error to refuse to allow a witness to state whether appellants' tenants were of such a class as would be obliged to stay during the regrade, where it had been shown that it would be impossible to keep more than half the tenants.

TRIAL—WITNESSES—LIMITING NUMBER — PARTIES — CORPORATIONS —STOCKHOLDERS. A stockholder of a defendant corporation comes within a restriction limiting the number of witnesses upon an issue, and cannot be used as a witness after the limit is reached on the theory that he is a party.

EMINENT DOMAIN — DAMAGES — CHANGE OF GRADE — EVIDENCE— PLANS—ADMISSIBILITY. Upon an issue as to the cost of readjusting buildings to conform to a change of grade, a sketch of plans of a proposed change is not inadmissible because not made with reference to the latest building ordinances of the city, where it does not appear that anything new is required thereby.

APPEAL—REVIEW—INSTRUCTIONS. Error in isolated instructions is not ground for reversal, if the instructions are correct when considered as a whole.

APPEAL—REVIEW—VERDICT—INADEQUACY — NEW TRIAL. The supreme court cannot disturb a verdict for damages to property and grant a new trial on the ground of the inadequacy of the verdict, where there was substantial evidence sustaining it, although the trial court might have done so.

Appeal by an abutting owner from a judgment of the superior court for King county, Griffin, J., entered January 20, 1908, upon the verdict of a jury, awarding damages to its property by reason of a change of grade of a city street, after a trial on the merits in condemnation proceedings. Affirmed.

*Douglas, Lane & Douglas*, for appellant.
*Scott Calhoun* and *King Dykeman*, for respondent.

FULLERTON, J.—The city of Seattle by ordinance changed the established grades on certain of its streets, and directed

that the streets be reconstructed and regraded so as to make them conform to the new grades so established. The required grades changed the surface contour of the streets, necessitating cuts and fills, and the consequent taking and damaging of the private property abutting thereon. This action was begun for the purpose of condemning the property required to be taken and damaged, and to determine the just compensation to be paid therefor.

Among the parties made defendant to the proceedings, was the appellant, Manhattan Building Company, which held a lease on a certain block bounded by streets directed to be regraded, which lease at the time of the trial had fourteen years and nine months to run. On this block it had constructed buildings of the estimated value of $200,000, containing storerooms and housekeeping apartments. After the service of summons upon it, the appellant gave notice of its appearance, and subsequently filed a cross-petition, in which it set out its interest in the property and a statement of the injury it would suffer by the change of the grade of the streets as proposed to be made. This cross-petition was stricken by the court, on motion of the city. Thereafter and without any further pleading on the part of the appellant, a trial was had before a jury to ascertain the amount of compensation to which the appellant was justly entitled, which trial resulted in a verdict in its favor of $23,500. From a judgment entered on the verdict, this appeal is taken.

It is assigned, first, that the court committed reversible error in striking the appellant's cross-petition. This contention is founded upon the provisions of the eighth section of the act under which the city proceeded (Laws 1905, p. 84 et seq.) and the decision of this court in the case of Seattle v. Park, 42 Wash. 151, 84 Pac. 644. In the case cited the court quoted from the section referred to and said that the language used therein did authorize the filing of a cross-petition, and that it was error on the part of the trial court to strike the same; but it held the error harmless in the par-

ticular case owing to the disposition the court subsequently
made of it.   By reference to the section cited, it will be ob-
served that it is only a person who owns an interest in the
property sought to be taken or damaged who was not made
a party to the original proceedings and who comes into the
proceedings for the purpose of having the value of his in-
terests determined, that is required "to file the statement of
his interest in and to a description of the lot, parcel of land,
or other property, in respect to which he claims compensa-
tion."   A party named in the original petition is neither
required nor expected to file pleadings of any kind, and
whether he shall be permitted so to do rests in the sound
discretion of the trial court.   In the opinion cited, it is not
made clear whether the defendants who attempted to file a
cross-petition were parties named in the original petition or
not; but, regardless of this fact, we are clear that a correct
construction of the statute makes the right depend on the
condition pointed out.   It was not error in this instance to
strike the cross-petition.

The appellant was named defendant in the proceedings
with some two hundred others.   Prior to the impanelling of
the jury it filed in writing with the court a demand for a
separate jury, this demand was refused, and it thereupon
participated in the selection of the jury with other defendants.
In selecting the jury it objected to being required to join
with the other defendants in exercising peremptory chal-
lenges, and demanded the right to challenge separately.   This
demand was also refused.   The court tried the claims of the
different defendants separately, and when the question of the
amount to be allowed the appellant came on for hearing—
it being the one hundred and forty-fourth of such questions
tried by the same jury—the appellant moved the court to be
again allowed to question the several jurymen whether or
not either of them had a fixed opinion as to the benefits or
damages that would accrue to the appellant's property by
reason of the change of grade.   This motion being denied, it

offered to show by an examination of the several jurymen that certain of them did have fixed opinions as to such benefits and damages, and that the opinions were such as would require evidence to remove. This offer to prove was refused; when it again demanded a separate jury, which demand the court again denied. These several rulings were each excepted to, and constitute the second, third, fourth and fifth assignments of error.

The seventh section of the act under which the court proceeded reads as follows:

"Upon the return of said summons, or as soon thereafter as the business of court will permit, the said court shall proceed to the hearing of such petition and shall impanel a jury to ascertain the just compensation to be paid to all of such owners and occupants aforesaid; but if any defendant or party in interest shall demand, and the court shall deem it proper, separate juries may be impaneled as to the compensation or damages to be paid to any one or more of such defendants or parties in interest." Laws 1905, p. 87.

It is plain that under this section of the statute the question whether the court will grant to any single defendant a separate jury is one within its discretion, and being so, its order will be reversed only when it is manifest that the discretion has been abused. The appellant, realizing this, contends that this discretion was abused, but we find nothing in the record which supports the contention. The evidence would have sustained a much larger verdict, it is true, but since the trial court who heard the evidence as well as the jury, felt that the verdict was not disproportionate to the probable injury the change in the streets would inflict, we cannot find prejudice on the part of the jury from this fact alone. Moreover, the trial court had abundant opportunity in the trial of the preceding cases to test the fairness of the jury, and certainly he would not have allowed them to sit in any case, whether complaint was made or not, had he thought

that the verdicts returned by them did not accord with the evidence on which they were founded.

The assignment based upon the fact that the defendants were required to join in their peremptory challenges is not well founded. The section of the statute providing for peremptory challenges (Bal. Code, § 4979; P. C. § 593), provides that when there are several parties on either side, they shall join in a challenge before it can be made. Construing this section we have held that defendants representing conflicting interests and appearing separately must join in a challenge before it can be allowed. *Colfax Nat. Bank v. Davis,* 50 Wash. 92, 96 Pac. 823. Nor was there error in refusing to permit the appellant to re-examine the jury touching their qualifications to act as jurors when the question of the amount of damages to be awarded it was brought on for hearing. Under the statute the jurors are impaneled to try out the entire issue, and they do not become disqualified on one issue merely because they may have heard another. The contention is not aided by the offer of proof made. Had the appellant offered to show by extrinsic evidence that the jury or certain of the persons composing it had disqualified themselves, a different question would have been presented, but it was not improper to deny the right to inquire of the individual juryman as to his then state of mind.

The sixth assignment of error is that the court commented on the evidence. To us it seems a sufficient answer to this assignment to say that the words of the court thought to constitute a comment were not excepted to on that ground. This error like most others can be waived, and is waived if not called to the attention of the court in such a manner as to give him an opportunity to correct it. For this reason, therefore, the objection must be held not well taken. But the comment of the court was not in fact a comment on the evidence; it was made concerning proffered evidence that was not permitted to go to the jury. In rejecting evidence the judge may speak of its materiality and evidentiary value

without subjecting himself to the charge of commenting on the evidence.

The respondent called as a witness one O. Pardee, and questioned him concerning the effect that the proposed changes would have, when made, on the rental values of the appellant's property. After he had concluded his testimony, the appellant moved to strike it on the ground that he had not shown himself qualified to testify on the question. Touching his qualifications, the following appears in the record:

"Q. Are you familiar with the effect of regrading and improving the streets upon the market value of leasehold interests? A. I cannot say that I am—that I have come personally in contact with a leasehold interest, or the sale of any leasehold interest. Q. Well, are you familiar with the effect of an improvement like the proposed improvement on rental values? A. Yes."

It is thought that he is disqualified by reason of the first answer above quoted. But the witness qualified himself by the second answer. While the ultimate question may be the difference in the market value of the leasehold interest before and after the improvements are made, the increase or loss in rental values is one of the elements proper to be inquired into in ascertaining that difference. The witness showed himself qualified to testify on this question and the court did not err in refusing to strike his testimony.

The rulings made with reference to the admission and exclusion of evidence are not fatal. It was not reversible error to refuse to sustain the appellant's objection to the question, "And you did not include the filling in of the back yard simply to have something to do?" The question may not have had much pertinence to the inquiry in hand, yet to permit the witness to attempt to answer it cannot have been prejudicial. Nor was it reversible error to refuse to permit the appellant's witness Bruskevith to answer whether the appellant's tenants were of such a class as would be obliged to stay in the buildings and endure the annoyance and

inconveniences that would be caused them by raising the house and regrading the streets, as this could bear but remotely on the real question at issue. Moreover, the witness was permitted to testify that it would be impossible to keep the houses more than half full of people during the time the improvements were being made, and that the loss of as much as a whole year's rental would result therefrom.

The court limited each side to a given number of witnesses on the question of damages. After the appellant had exhausted its quota, it put one of its stockholders on the stand and sought to have him testify on the same question. The court refused to permit him to so testify, and the refusal is assigned as error. It is said an owner may testify concerning his losses by a given act regardless of rules limiting the number of witnesses. But if this be true as applied to persons who own the damaged property by a direct title in themselves, it would have no application to a stockholder in a corporation. An owner of property is presumed to know the nature of the property he holds and to be able to testify concerning it from his own knowledge, but the presumption does not apply to a mere stockholder in a corporation. If, therefore, it were error to reject such evidence in the case considered, which we do not decide, it would not be error in the particular case.

The respondent's witness Allen testified concerning the costs of readjusting the appellant's buildings so as to make them conform to the change of grade. He also submitted a sketch of his proposed plans which was admitted in evidence. On cross-examination he admitted that his plan and estimates were not made with reference to the latest building ordinance of the city, and the appellant moved to strike his testimony for that reason. This motion was properly denied, as it had not then been made to appear that the new building ordinance required anything more to be done than the plans submitted contemplated.

Errors eleven, twelve, thirteen and fifteen, relate to the

instructions given, and refused by the court. These do not require discussion in detail. Certain portions of the instructions when isolated from their context, or from the instructions as a whole, could hardly be justified as correct statements of the law applicable to the question at issue; but when they are considered with what precedes and follows them, we think the jury was not misled. The court's instructions are to be considered as a whole, and if, when so construed, they correctly state the law, it is not ground for reversal that parts of the charge standing alone may state the rule incorrectly.

It is particularly insisted, however, that the court erred in refusing to give a requested instruction to the effect that in "arriving at the cost of any readjustment that you will find necessary to the buildings and other improvements . . . . you cannot consider any plans or other methods of readjustment which are contrary to the building ordinances of the city." But we find that this charge was given in substance. Certain of the appellant's witnesses testified that the necessity of raising the buildings would require additional fire walls in the foundations of the buildings not shown on the plans introduced by the city, but which were required by the city's latest building ordinance. The court charged the jury that in estimating the cost of these foundations they should consider only "such as will comply with the ordinances of the city of Seattle." This instruction was sufficient to call the attention of the jury to the specific question.

The last assignment to be noticed is the inadequacy of the verdict. While error in the assessment of the amount of recovery, whether too large or too small, when the action is for injury to property, is made a ground for new trial by the code, a new trial must be granted by the trial court for that reason if it is granted at all. The appellate court is authorized to interfere with the verdict of a jury only when there is no substantial evidence sustaining it, and it could be only in an extreme case where the court could rightfully in-

terfere on the ground that the verdict was too small.   No
such case is presented by this record.   Here there is sub-
stantial evidence sustaining the findings of the jury.   The
distinction between the powers of the two courts in this
respect are pointed out in the opinion in the case of *Clark
v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108, and
the cases there collected.

There is no substantial error in the record and the cause
will stand affirmed.

RUDKIN, C. J., CROW, DUNBAR, and MOUNT, JJ., concur,

CHADWICK and GOSE, JJ., took no part.